**CT Corporation**

**Service of Process Transmittal**
03/17/2022
CT Log Number 541242402

TO: Bethany Spain
Signet Jewelers Limited
375 GHENT RD
FAIRLAWN, OH 44333-4601

RE: **Process Served in California**

FOR: Sterling Jewelers Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: AMY MCCORMACK, as an individual and on behalf of all others similarly situated, // To: Sterling Jewelers Inc. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 37202200008433CUOECTL |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/17/2022 at 11:47 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Jessica Glasper  jessica.glasper@signetjewelers.com |
| | Email Notification,  Bethany Spain  bethany.spain@signetjewelers.com |
| | Email Notification,  Victoria Ortega  victoria.ortega-1@signetjewelers.com |
| | Email Notification,  Amanda Vance  amanda.vance@signetjewelers.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-331-2303<br>CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

Exhibit "1"

NOR, page 25

 CT Corporation

**Service of Process Transmittal**
03/17/2022
CT Log Number 541242402

**TO:**    Bethany Spain
Signet Jewelers Limited
375 GHENT RD
FAIRLAWN, OH 44333-4601

**RE:**    **Process Served in California**

**FOR:**   Sterling Jewelers Inc.  (Domestic State: DE)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 2 of  2 / BD

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**              Thu, Mar 17, 2022

**Server Name:**       DROP SERVICE

| | |
|---|---|
| Entity Served | STERLING JEWELERS INC |
| Case Number | 37202200008433CUOECTL |
| Jurisdiction | CA |





**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2022-00008433-CU-OE-CTL    CASE TITLE: Mccormack vs Sterling Jewelers Inc [E-FILE]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
        **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
        **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
        **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

Exhibit "1"
NOR, page 29

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | *FOR COURT USE ONLY* |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): Amy Mccormack |
| DEFENDANT(S): Sterling Jewelers Inc et.al. |
| SHORT TITLE: MCCORMACK VS STERLING JEWELERS INC [E-FILE] |

| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: 37-2022-00008433-CU-OE-CTL |
|---|---|

Judge: Eddie C Sturgeon                                    Department: C-67

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                  ☐ Non-binding private arbitration

☐ Mediation (private)                          ☐ Binding private arbitration

☐ Voluntary settlement conference (private)    ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                 ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (*specify e.g., private mini-trial, private judge, etc.*): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                 Date: _____

_____           _____
Name of Plaintiff                              Name of Defendant

_____           _____
Signature                                      Signature

_____           _____
Name of Plaintiff's Attorney                   Name of Defendant's Attorney

_____           _____
Signature                                      Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 03/07/2022                              _____
                                               JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)    **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**    Page: 1

Exhibit "1"
NOR, page 30

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Nicholas J. Ferraro (SBN 306528) / Lauren N. Vega (SBN 306525)<br>Ferraro Vega Employment Lawyers, Inc.<br>3160 Camino Del Rio South, Suite 308<br>San Diego, CA 92108 | |

TELEPHONE NO.: 619-693-7727   FAX NO.: 619-350-6855
ATTORNEY FOR *(Name):* Plaintiff Amy McCormack

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA
BRANCH NAME: Hall of Justice

CASE NAME:
Amy McCormack v. Sterling Jewelers, Inc. et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 11 - Labor Code violations
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 4, 2022
Nicholas J. Ferraro
_____
(TYPE OR PRINT NAME)

▶ *Nicholas J Ferraro*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
Elida M. Espinoza (State Bar No. 314001)
Ferraro Vega Employment Lawyers, Inc.
3160 Camino del Rio South, Suite 308
San Diego, California 92108
(619) 693-7727 / (619) 350-6855 facsimile
nick@ferrarovega.com / lauren@ferrarovega.com

Attorneys for Plaintiff Amy McCormack

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| AMY MCCORMACK, as an individual and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>STERLING JEWELERS INC., a corporation; SIGNET JEWELERS LTD., a corporation; and DOES 1 through 50,<br><br>                    Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT**<br><br>1.  Failure to Pay All Minimum Wages<br>2.  Failure to Pay All Overtime Wages<br>3.  Meal Period Violations<br>4.  Rest Period Violations<br>5.  Untimely Payment of Wages<br>6.  Wage Statement Violations<br>7.  Underpaid Sick Leave<br>8.  Underpaid Covid-19 Supplemental Sick Leave<br>9.  Waiting Time Penalties<br>10. Failure to Reimburse Business Expenses<br>11. Violations of the Unfair Competition Law |

1     Plaintiff AMY MCCORMACK ("Plaintiff"), as individual and on behalf of all others

2 similarly situated, brings this action against Defendants STERLING JEWELERS INC. and

3 SIGNET JEWELERS LTD., and DOES 1 through 50 (collectively, "Defendants"), alleging as

4 follows:

5                                   **INTRODUCTION**

6     1.     Plaintiff was an employee of Defendants, Sterling Jewelers Inc. and Signet

7 Jewelers Ltd. Plaintiff's allegations concerning Sterling Jewelers involve the policies and

8 practices at Jared the Galleria of Jewelry store locations. Sterling Jewelers maintained a policy

9 and practice of unpaid, off-the-clock work during uncompensated meal periods. She and other

10 Class Members were required to be available on the salesfloor, to communicate with customers,

11 and complete various tasks, but were required to clock out. As a result, Sterling Jewelers deprived

12 Plaintiff and other Class Members of minimum, regular, and overtime wages for these hours

13 worked, along with meal period premiums.

14     2.     Separately, Plaintiff seeks to recover rest period premiums for non-compliant rest

15 periods for Class Members at Sterling Jewelers.

16     3.     Additionally, Plaintiff seeks to recover cell phone reimbursements for a Class of

17 individuals who worked at the Sterling Jewelers Jared locations, because Plaintiff alleges that

18 they were required to use their personal devices to communicate with jewelry-purchasing clients,

19 and post to social media, among other requirements.

20     4.     With respect to Signet Jewelers, Signet Jewelers is the parent company of Sterling

21 Jewelers, and also, on information and belief, operates Kay Jewelers, Zales, Jared, Banter by

22 Piercing Pagoda, Diamonds Direct, JamesAllen.com, Rocksbox, Peoples Jewelers, H. Samuel,

23 and Ernest Jones. Plaintiff's allegations against Signet Jewelers address a Signet-wide policy and

24 practice of payroll administration across these different locations, whereby Signet failed to pay

25 meal and rest period premiums and paid sick leave at the lawful hourly rate, instead electing to

26 pay those earnings at a straight time base hourly rate, contrary to California law.

27

28

Class Action Complaint
*Amy McCormack v. Sterling Jewelers Inc. et al.*

Exhibit "1"
NOR, page 33

5.      As a result of these unlawful policies and practices, as alleged herein, Plaintiff further seeks to recover statutory penalties, interest, attorneys' fees and costs on behalf of the Classes defined below.

### JURISDICTION & VENUE

6.      Jurisdiction of this action is proper in this Court under Article VI, Section 10 of the California Constitution.

7.      Venue as to each defendant is proper in this judicial district under Code of Civil Procedure section 395.5 because Defendants conduct business in this county, employed putative class members in this county, and committed some of the violations in this county.

### PARTIES

**A.     Plaintiff Amy McCormack**

8.      Plaintiff Amy McCormack is a California citizen over 18 years of age who worked for Defendants in San Diego County as an hourly, non-exempt employee.

9.      Plaintiff worked for Defendants from August 1, 2020 to July 9, 2021 as a Jared Jewelry Specialist and Jared Jewelry Specialist Manager.  During her employment, Plaintiff was paid commissions, bonuses, incentives, and other forms of non-discretionary remuneration.

**B.     Defendants**

10.     Plaintiff is informed, believes, and alleges that Defendant STERLING JEWELERS, INC. is a corporation registered to do business in the State of California, doing business and employing labor throughout San Diego County.  Sterling Jewelers Inc. does business as Jared the Galleria of Jewelry and employs employees in Jared the Galleria of Jewelry stores throughout California.

11.     Plaintiff is informed, believes, and alleges that Defendant SIGNET JEWELERS, LTD. is a corporation doing business and employing labor throughout the State of California. Signet Jewelers Ltd. operates approximately 2,800 stores primarily under the name brands of Kay Jewelers, Zales, Jared, Banter by Piercing Pagoda, Diamonds Direct, JamesAllen.com, Rocksbox, Peoples Jewelers, H. Samuel, and Ernest Jones.

Class Action Complaint
*Amy McCormack v. Sterling Jewelers Inc. et al.*

12.     The true names and capacities, whether individual, corporate, or otherwise, of the parties sued as DOES 1 through 50, are presently unknown to Plaintiff, who sue them by such fictitious names under Code of Civil Procedure section 474.  Plaintiff is informed, believes, and alleges that each of the factiously-named defendants is responsible in some manner for the acts and omissions alleged herein.  Plaintiff may later seek leave to amend this Complaint to reflect their true names and capacities.

13.     Plaintiff is informed, believes, and alleges that all defendants in this action are employers and/or joint employers and part of an integrated employer enterprise, as each defendant exercises control over the wages, hours, and working conditions of Plaintiff and the Class Members, suffer and permit them to work, and engage the workforce creating a common law employment relationship.

14.     Additionally, all defendants have common ownership, common management, interrelationship of operations, and centralized control over labor relations and are therefore part of an integrated enterprise and thus jointly and severally responsible for the acts and omissions alleged herein.

15.     Plaintiff is informed, believes, and alleges that each defendant acted in all respects pertinent to this action as an alter-ego, agent, servant, joint employer, joint venturer, co-conspirator, partner, in an integrated enterprise, or in some other capacity on behalf of all other co-defendants, such that the acts and omissions of each defendant are legally attributable to all others.

/ / /

## GENERAL ALLEGATIONS

16.     Defendants failed to pay certain Class Members for all hours worked at the applicable minimum, regular, overtime, and/or double time hourly rate, because of Defendants' practice of requiring employees to perform work duties during unpaid meal periods. Defendants required employees to clock out for meal periods, but employees were required to perform various work-related tasks although they were clocked out and were not compensated for that time. This resulted in unpaid regular and overtime wages to Plaintiff and certain Class Members. Defendants' have failed to pay for all hours worked and are liable accordingly for unpaid minimum wage, liquidated damages, and any corresponding overtime wages owed.

17.     Defendants had a pattern and practice of failing to consistently provide timely, off-duty 30-minute meal periods to certain Class Members within the first five hours of work, and timely second off-duty 30-minute meal periods to the extent they worked shifts of 10 hours or more, in violation of Labor Code sections 226.7, 512 and section 11 of the applicable IWC Wage Orders. (*Donohue v. AMN Services, LLC* (2021) 11 Cal. 5th 58, 61 ["[T]ime records showing noncompliant meal periods raise a rebuttable presumption of meal period violations, including at the summary judgment stage"].) Plaintiff's time records establish meal period violations without a corresponding meal period premium payment (although Defendants did pay some meal period premiums). Plaintiff's time records reveal instances of Defendants' agents editing her time records to make it appear as though her meal periods were compliant (*i.e.*, not short or late). Plaintiff is informed and believes this practice applies to certain Class Members.

18.     During some of the times when certain Class Members were clocked out for a meal period, they were still forced to work during the meal periods. Defendants required employees to complete various non-sales tasks, including cold calling 10 customers each day, writing thank you notes, training videos and quizzes, communicating with existing customers, and posting to their personal social media accounts, among other activities. The tasks required of certain Class Members made it incredibly difficult to consistently take duty-free meal and rest periods. Additionally, employees were forced to clock out for meal periods and continue making themselves available to customers or else they would be penalized by being taken out of the sales

- 4 -

1   "rotation" and would lose out on sales (*i.e.*, commissions). Defendants operated under a system

2   whereby salespeople were assigned to customers to fairly spread out the ability to earn

3   commissions. However, whenever an employee took a meal period or a rest period, they would

4   be *taken out* of the sales "rotation" and would essentially be placed at the back of the line rather

5   than simply returning to their place in line once the break was over. As a result, certain Class

6   Members often clocked out for lunch and would remain on the sales floor so they would not lose

7   their place in the rotation.

8         19.    When Defendants did not provide fully compliant meal periods, Defendants failed

9   to pay Plaintiff and certain Class Members a meal period premium at the regular rate of

10  compensation, in violation of Labor Code section 226.7. (*See e.g., Ferra v. Loews Hollywood*

11  *Hotel, LLC* (2021) 11 Cal. 5th 858, 863 ["We hold that the terms are synonymous: "regular rate

12  of compensation" under section 226.7(c), like "regular rate of pay" under section 510(a),

13  encompasses all nondiscretionary payments, not just hourly wages."]). Instead, Defendants paid

14  meal period premiums at Plaintiff's and the other Class Member's straight time hourly rate and

15  failed to factor in the additional remuneration earned by Plaintiff and Class Members, such as

16  bonuses, commissions, and incentives. Defendants' failure to pay meal period premiums at the

17  correct rate is a widespread payroll issue that impacted all Class Members. Plaintiff alleges that

18  both Sterling Jewelers Inc. and Signet Jewelers Ltd. failed to pay meal period premiums at the

19  regular rate of compensation.

20        20.    Moreover, Defendants had a pattern and practice of failing to authorize or *permit*

21  ten-minute rest periods for every four hours of work or major faction thereof as required by Labor

22  Code section 226.7 and 516 and section 12 of the applicable IWC Wage Order. Plaintiff and

23  certain Class Members were unable to take all the rest periods to which they were entitled due to

24  the same limitations employees faced with respect to meal periods (*i.e.*, inability to take rest

25  periods due to numerous tasks required by Defendants). In the same manner as described above,

26  Plaintiff and certain Class Members would be taken out of the "rotation" each time they took a

27  rest period, thereby discouraging employees from taking rest periods at all. Further, Defendants

28

- 5 -

Class Action Complaint
*Amy McCormack v. Sterling Jewelers Inc. et al.*

1   had a policy and practice of not paying rest period premiums to employees who were unable to
2   take rest periods.

3       21.     To the extent Defendants did pay rest period premiums, Plaintiff alleges that they
4   were underpaid because they were paid at the straight time rate and not the regular rate of
5   compensation, which would have factored in employees' commissions, bonuses, incentives, and
6   other compensation. (*Loews Hollywood Hotel*, 11 Cal. 5th at 863.) Plaintiff alleges that both
7   Sterling Jewelers Inc. and Signet Jewelers Ltd. failed to pay rest period premiums at the regular
8   rate of compensation.

9       22.     In pay periods where Defendants provided Plaintiff and certain Class Members
10  with remuneration in addition to their respective base hourly rate for hours worked (*e.g.*, bonuses,
11  commissions, etc.), Defendants failed to properly calculate and pay paid sick leave at the
12  appropriate rate of pay, in violation of Labor Code § 246. One example of this violation occurs
13  on Plaintiff's wage statement dated July 2, 2021. During that pay period, Plaintiff was paid
14  commissions and incentives and used 8 hours of sick leave. Defendants paid the sick leave at her
15  straight time hourly rate of $19.75 rather than one of the methods required by statute (*i.e.*, failed
16  to factor in commissions/incentives). Plaintiff alleges that both Sterling Jewelers Inc. and Signet
17  Jewelers Ltd. failed to pay sick leave at a rate under one of the methods authorized by statute.

18      23.     Defendants also failed to pay Covid-19 Supplemental Sick Leave at a rate
19  authorized by statute because when paying such leave because Defendants failed to factor in
20  employees' commissions, bonuses, incentives, and other compensation. On information and
21  belief, Defendants instead paid Supplemental Sick Leave at employees' straight time hourly rate
22  rather than by one of the methods authorized by Labor Code sections 248.2 and 248.6. Plaintiff
23  alleges that both Sterling Jewelers Inc. and Signet Jewelers Ltd. failed to pay Covid-19
24  supplemental sick leave under one of the methods authorized by statute.

25      24.     Defendants did not maintain a lawful reimbursement policy, in violation of Labor
26  Code section 2802. Defendants required Plaintiff and certain Class Members to incur costs for
27  work-related purposes, including expenses associated with their cell phones, data, and/or cell
28  phone apps. For example, Defendants required employees to make social media posts during

Class Action Complaint
*Amy McCormack v. Sterling Jewelers Inc. et al.*

1   their shift to their personal social media accounts and employees used their own cell phones to

2   access their social media accounts, to take photos, and to access Jared photos from an app.

3   Plaintiff and certain Class Members were also required to use their cell phones to text guests about

4   their orders, to answer questions, etc. Plaintiff also incurred expenses associated with using apps

5   to text customers and to post on social media. As such and in direct consequence of their job

6   duties, Plaintiff and certain Class Members unavoidably and necessarily incurred losses,

7   expenditures, costs and expenses that were unreimbursed in violation of Labor Code sections

8   2800 and 2802.

9       25.     With respect to the unpaid wages and premiums owed to Plaintiff and Class

10  Members, Defendants failed to pay those wages on time each pay period or upon separation of

11  employment. Because Defendants did not pay Plaintiff and the Class for all wages/premiums

12  owed each pay period their employment (*i.e.*, overtime, sick leave pay, supplemental sick leave

13  pay, meal and rest period premiums), Defendants failed to timely pay all wages owed on time

14  each pay day or upon separation of employment (or within 72 hours thereof, as applicable), in

15  violation of Labor Code sections 201 through 203 (waiting time) and 204 and 204b (paydays).

16      26.     Defendants equally failed in their affirmative obligation to provide accurate

17  itemized wage statements each pay period to Plaintiff and Class Members. Defendants issued

18  wage statements to Plaintiff and, on information and belief, other Class Members, which contain

19  at least several types of violations. First, on each wage statement furnished, Defendants failed to

20  accurately state the "gross wages earned" and "net wages earned" in violation of Labor Code

21  § 226(a)(1) and (5), as Plaintiff and certain Class Members earned regular and overtime wages,

22  but were underpaid due to the off-the-clock hours worked during meal periods and were not paid

23  for sick leave and meal and rest period premiums payments at the lawful rate, resulting in an

24  inaccurate itemization of gross and net wages earned on those wage statements. Second, on each

25  wage statement furnished to Plaintiff and, on information and belief, certain Class Members,

26  Defendants failed to accurately state "all applicable hourly rates in effect during the pay period

27  and the corresponding number of hours worked at each hourly rate by the employee" in violation

28  of Labor Code § 226(a)(9), as the wage statements issued to Plaintiff and certain Class Members

Class Action Complaint
*Amy McCormack v. Sterling Jewelers Inc. et al.*

Exhibit "1"
NOR, page 39

1  do not accurately list the actual hours worked by employees (due to off the clock work), but

2  instead list deflated hours and wages, and list the incorrect hourly rates for paid sick leave,

3  overtime, meal and rest period premiums, as such amounts were not paid at the lawful regular

4  rate of pay.  Third, Defendants inaccurately listed total hours worked during the pay period in

5  violation of Labor Code § 226(a)(2), as Plaintiff and certain Class Members worked off-the-clock

6  during uncompensated meal periods.

7       27.     Defendants' wage statement issues described above rendered the wage statements

8  inaccurate and confusing to Plaintiff and Class Members, concealing the underpayments and

9  presenting a false portrayal of accuracy on the wage statements relied upon by Plaintiff and Class

10  Members as the sole documentary evidence of their respective earnings.  Plaintiff and, on

11  information and belief, Class Members were misinformed and misled by the wage statements

12  wages, hours, rates, and earnings.  Defendants' wage statement violations were knowing and

13  intentional as a matter of law with respect to Plaintiff and Class Members given that the legal

14  obligation was not disputed, the wage statement and wage laws are clear and unambiguous as

15  written, and because Defendants nevertheless failed to comply despite the means and ability to

16  do so.

17       28.     Because of the violations set forth in this Complaint, including Defendants' failure

18  to accurately maintain records of pay for all hours worked at the appropriate lawful rates of pay

19  (*i.e.*, unrecorded off-the-clock hours), Defendants violated Labor Code section 1174 and the IWC

20  Wage Orders by failing to maintain records showing accurate daily hours worked at the

21  corresponding wage rate, and the wages paid to each employee.

22       29.     Plaintiff is informed, believes, and alleges that Defendants' acts and omissions

23  have knowingly and intentionally caused harm to Plaintiff and the Class.  Plaintiff is informed,

24  believes, and alleges that Defendants have engaged in systemic violations of the Labor Code and

25  IWC Wage Orders by maintaining practices, policies, and customs that are inconsistent with their

26  obligations under California law.

27

28

Class Action Complaint
*Amy McCormack v. Sterling Jewelers Inc. et al.*

Exhibit "1"
NOR, page 40

## CLASS ACTION ALLEGATIONS

30.   ***Class Definition.***  The named individual Plaintiff seeks class certification under California Code of Civil Procedure section 382.  Plaintiff proposes the following classes of individuals currently or formerly employed by Defendants in the State of California (referred to herein together as the "Class" or "Class Members"):

a.   All Class Members who worked for Sterling Jewelers Inc. at any time from **March 4, 2018**, through the date of trial in this action ("Class Period") and who were not paid all regular, overtime, or minimum wages for all hours worked each pay period ("Unpaid Wage Class").

b.   All Class Members who during the Class Period: [1] worked for Sterling Jewelers Inc. [2] worked shifts of five hours or more without a duty-free meal period of at least 30 minutes or shifts of 10 or more hours without a duty-free second 30-minute meal period, and [3] were not paid one hour of meal period premium pay at the regular rate of compensation for each of those days ("Meal Period Class").

c.   All Class Members who during the Class Period: [1] worked for Sterling Jewelers Inc. and/or Signet Jewelers Ltd., [2] were paid a meal period premium, and [3] who were paid commission, bonuses, incentives, or other non-discretionary remuneration in the same pay period in which they received a meal period premium ("Meal Period Premium Class").

d.   All Class Members who during the Class Period: [1] worked for Sterling Jewelers Inc., [2] worked shifts of four hours or major faction thereof without being authorized or permitted an uninterrupted rest period of at least 10 minutes, and [3] were not paid one hour of rest period premium pay at the regular rate of compensation for each of those days ("Rest Period Class").

- 9 -

Class Action Complaint
*Amy McCormack v. Sterling Jewelers Inc. et al.*

e.  All Class Members who during the Class Period: [1] worked for Sterling Jewelers Inc. and/or Signet Jewelers Ltd., [2] were paid a rest period premium, and [3] who were paid commission, bonuses, incentives, or other non-discretionary remuneration in the same pay period in which they received a rest period premium ("Rest Period Premium Class").

f.  All Class Members who during the Class Period: [1] worked for Sterling Jewelers Inc. and/or Signet Jewelers Ltd., [2] were paid for sick leave or Covid-19 supplemental sick leave, and [3] were not paid for such sick leave at a rate authorized by one of the methods provided in the California Labor Code ("Sick Leave Underpayment Class").

g.  All Class Members who during the Class Period: [1] worked for Sterling Jewelers Inc., [2] used their personal devices for required work-related purposes, and [3] were not fully reimbursed for the use of their personal devices ("Reimbursement Class").

h.  All Class Members who: [1] belong to the Meal Period, Meal Period Premium, Rest Period, Rest Period Premium, Sick Leave Underpayment, and Unpaid Wage Classes, respectively, and [2] who separated from employment with Sterling Jewelers Inc. and/or Signet Jewelers Ltd. at any time from **March 4, 2019** through the time of trial in this action ("Waiting Time Class").

i.  All Class Members who: [1] belong to the Unpaid Wage, Meal Period, Meal Period Premium, Rest Period, Rest Period Premium, and Sick Leave Underpayment Classes, and [2] who received a wage statement from Sterling Jewelers Inc. and/or Signet Jewelers Ltd. at any time from **March 4, 2021** through the time of trial in this action ("Wage Statement Class").

- 10 -

Class Action Complaint
*Amy McCormack v. Sterling Jewelers Inc. et al.*

j.      All Class Members who belong to Classes (a)-(i) above and were subject to Defendants unlawful or unfair business acts or practices during the Class Period ("UCL Class").

31.    Plaintiff reserves the right to amend or modify the class definitions and to establish additional classes and subclasses.  California Rule of Court 3.765(b).

32.    ***Numerosity***.   The members of the Class are so numerous that joinder of all individuals is impracticable.  The identity of the Class Members is readily ascertainable by review of Defendants' employment and payroll records.  Plaintiff is informed, believes, and alleges there are more than 100 Class Members.

33.    ***Adequacy of Representation***.   Plaintiff is an adequate class representative. Plaintiff will take all necessary steps to adequately and fairly represent and protect the interest of the Class.  Plaintiff is represented by attorneys who have substantial experience prosecuting and resolving wage-and-hour class actions in California state and federal courts, including as both plaintiff and defense counsel.

34.    ***Manageability***.  This class action is manageable because the liability and damages to Class Members can be ascertained by review of corporate and employer timekeeping and payroll records, along with other evidence that Defendants maintained and are required to maintain under the California Labor Code, IWC Wage Orders and federal law.  This class action is manageable because the contact information and identity of percipient witnesses—namely, Defendants' employees (the putative class members)—is readily maintained by Defendants.

35.    ***Superiority***.  A class action is superior to other means for adjudication of the claims of the Class and is beneficial and efficient for the parties and the Court.  Class treatment will allow for the common issues to be resolved in a single forum, simultaneously and without duplication of effort and expense.

36.    ***Commonality***.  Common questions of law and fact and a community of interest exists amongst Plaintiff and the Class.  These common issues arise from the employment relationship with Defendants and predominate over any individual issues.

37.     *Typicality.*  Plaintiff's claims are typical of the claims of the other Class Members. Plaintiff and Class Members were subject to the same policies and practices of Defendants, which resulted in losses to Plaintiff and Class Members.

38.     Proof of common unlawful business practices, which Plaintiff experienced and is an adequate representative of, will establish the right of the Class to recover on the causes of action alleged herein.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY ALL MINIMUM WAGES**

**Labor Code §§ 1194 and 1194.2**

39.     Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

40.     Plaintiff brings this cause of action on behalf of the Unpaid Wage Class.

41.     Defendants willfully failed in their affirmative obligation to pay Plaintiff and the Unpaid Wage Class at least the lawful minimum wage for each hour worked in violation of Labor Code sections 1182.12, 1194, 1197, 1197.1 and 1198 and the IWC Wage Orders (the "Hours and Days of Work" and "Minimum Wages" sections of the applicable orders), including payment at the lawful local and county minimum wage ordinances in effect.

42.     As alleged, Defendants knew or should have known the Unpaid Wage Class worked off-the-clock during uncompensated meal periods, resulting in unpaid hours worked and corresponding liability for minimum wages and overtime.

43.     Defendants' unlawful acts and omissions deprived Plaintiff and the Unpaid Wage Class of minimum, regular and overtime wages in amounts to be determined at trial.  Plaintiff and the Unpaid Wage Class are entitled to recover to the full amount of the unpaid wages, plus liquidated damages in an amount equal to the wages unlawfully unpaid (and interest thereon), in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code sections 1194 and 1194.2.

/ / /

- 12 -

Class Action Complaint
*Amy McCormack v. Sterling Jewelers Inc. et al.*

## SECOND CAUSE OF ACTION

### FAILURE TO PAY ALL OVERTIME WAGES

### Labor Code §§ 510 and 1194

44.     Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

45.     Plaintiff brings this cause of action on behalf of the Unpaid Wage Class.

46.     Defendants failed in their affirmative obligation to pay Plaintiff and the Unpaid Wage Class no less than one and one-half times their respective "regular rate of pay" for all hours worked in excess of eight hours in one day, 40 hours in one week, or the first eight hours worked on the seventh day of work in any one workweek, and no less than twice their respective "regular rate of pay" for all hours over 12 hours in one day and any work in excess of eight hours on any seventh day of a workweek in violation of Labor Code sections 510, 1194, and 1198 and the IWC Wage Orders (the "Hours and Days of Work" sections of the applicable orders).

47.     Defendants failed to pay overtime to the Unpaid Wage Class at the required 1.5x multiple of the regular rate of pay or 2.0x multiple of the regular rate of pay for double time hours. As alleged, Defendants knew or should have known the Unpaid Wage Class worked off-the-clock during uncompensated meal periods, resulting in unpaid hours worked and corresponding liability for minimum wages and overtime.

48.     Defendants' unlawful acts and omissions deprived Plaintiff and the Unpaid Wage Class of overtime wages in amounts to be determined at trial.  Plaintiff and the Unpaid Wage Class are entitled to recover to the full amount of the unpaid overtime wages, in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 1194.

## THIRD CAUSE OF ACTION

### MEAL PERIOD VIOLATIONS

### Labor Code §§ 226.7 and 512

49.     Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

50.     Plaintiff brings this cause of action on behalf of the Meal Period and Meal Period Premium Classes.

- 13 -

51.     Defendants willfully failed in their affirmative obligation to consistently provide Plaintiff and the Meal Period Class compliant, duty-free meal periods of not less than 30 minutes beginning before the fifth hour of hour for each work period of more than five hours per day and a second duty-free meal period of not less than 30 minutes beginning before the tenth hour of hour of work in violation of Labor Code sections 226.7 and 512 and the IWC Wage Orders (the "Meal Periods" sections of the applicable orders).  This was a direct result of Defendants' policy and practice of requiring Plaintiff and the Meal Period Class to work without pay during uncompensated meal periods, rendering the meal periods missed, late, short, and/or interrupted.

52.     Further, Defendants willfully failed in their affirmative obligation to consistently pay Plaintiff and the Meal Period and the Meal Period Premium Classes one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant meal period was not provided, in violation of Labor Code sections 226.7, 512, and 1198 and the IWC Wage Orders (the "Meal Periods" sections of the applicable orders).  Defendants also failed to include commissions, bonuses, incentives, and other non-excludable earnings in the regular rate of compensation for purposes of meal period premium computation for Plaintiff and the Meal Period Premium Class.

53.     Defendants' unlawful acts and omissions deprived Plaintiff and the Class of meal periods and meal period premiums in amounts to be determined at trial.  Plaintiff and the Meal Period and Meal Period Premium Classes are entitled to recover to the full amount of the unpaid premiums, in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Code of Civil Procedure section 1021.5.

## FOURTH CAUSE OF ACTION

## REST PERIOD VIOLATIONS

### Labor Code §§ 226.7 and 516

54.     Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

55.     Plaintiff brings this cause of action on behalf of the Rest Period and Rest Period Premium Classes.

- 14 -

56.     Defendants willfully failed in their affirmative obligation to consistently authorize and permit Plaintiff and the Rest Period Class to receive compliant, duty-free rest periods of not less than ten (10) minutes for every four hours worked (or major fraction thereof) in violation of Labor Code sections 226.7, 516, and 1198 and the IWC Wage Orders (the "Rest Periods" sections of the applicable orders). This was a direct result of Defendants' policies and practices requiring what amounted to effectively working rest periods.

57.     Further, Defendants willfully failed in their affirmative obligation to consistently pay Plaintiff and Rest Period and Rest Period Premium Classes one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant rest period was not provided, in violation of Labor Code sections 226.7 and 1198 and the IWC Wage Orders. Defendants also failed to include commissions, bonuses, incentives, and other non-excludable earnings in the regular rate of compensation for purposes of rest period premium computation for Plaintiff and the Rest Period Premium Class.

58.     Defendants' unlawful acts and omissions deprived Plaintiff and the Class of rest periods and rest period premiums in amounts to be determined at trial. Plaintiff and the Meal Period and Meal Period Premium Classes are entitled to recover to the full amount of the unpaid premiums, in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Code of Civil Procedure section 1021.5.

**FIFTH CAUSE OF ACTION**

**UNTIMELY PAYMENT OF WAGES**

**Labor Code §§ 204, 204b and 210**

59.     Plaintiff incorporate all outside paragraphs of this Complaint as if set forth herein.

60.     Plaintiff brings this cause of action on behalf of the Unpaid Wage, Meal Period, Meal Period Premium, Rest Period, Rest Period Premium, and Sick Leave Underpayment Classes.

61.     Defendants willfully failed in their affirmative obligation to timely pay all wages and premiums earned by Plaintiff and certain Class Members twice during each calendar month on days designated in advance by the employer as regular paydays (for employees paid on a non-weekly basis) and on the regularly-scheduled weekly payday weekly employees, if any, in

- 15 -

1   violation of Labor Code sections 204 and 204b and the IWC Wage Orders (the "Minimum

2   Wages" sections of the applicable orders).

3        62.      Defendants' unlawful acts and omissions deprived Plaintiff and certain Class

4   Members of timely wages in amounts to be determined at trial.   Plaintiff and certain Class

5   Members are entitled to recover to the full amount of the unpaid wages, in addition to a statutory

6   penalty in the amount of $100 for the initial violation for each failure to pay each employee and

7   $200 for all subsequent violations and for all willful or intentional violations for each failure to

8   pay each employee, plus 25 percent of the amount unlawfully withheld under provided in Labor

9   Code section 210, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

10                          **SIXTH CAUSE OF ACTION**

11                      **WAGE STATEMENT VIOLATIONS**

12                           **Labor Code § 226**

13       63.      Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

14       64.      Plaintiff brings this cause of action on behalf of the Wage Statement Class.

15       65.      Defendants knowingly and intentionally failed in their affirmative obligation

16   provide accurate itemized wage statements to Plaintiff and the Wage Statement Class in violation

17   of Labor Code section 226(a).

18       66.      Based on the wage statements issued by Defendants to the Wage Statement Class,

19   Plaintiff alleges that these wage statements fail to correctly list (1) gross wages earned each pay

20   period, (2) total hours actually worked each pay period, (5) net wages earned, (9) all hourly rates

21   in effect and the total number of hours worked each pay period.

22       67.      Defendants' unlawful acts and omissions deprived Plaintiff and the Wage

23   Statement Class of accurate itemized wage statements, causing confusion and concealing wage

24   and premium underpayments.   As a result, Plaintiff and the Wage Statement Class are entitled to

25   recover the statutory penalty of $50 per employee for the initial pay period in which a violation

26   occurred and $100 per employee for each violation in a subsequent pay period, up to an aggregate

27   penalty of $4,000 per employee, in addition to interest, attorneys' fees, and costs to the extent

28   permitted by law, including under Labor Code section 226(e).

Exhibit "1"
NOR, page 48

## SEVENTH CAUSE OF ACTION

### FAILURE TO PROVIDE PAID SICK LEAVE & SUPP. PAID SICK LEAVE

### Labor Code §§ 246 *et seq.*

68.    Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

69.    Plaintiff brings this cause of action on behalf of the Sick Leave Underpayment Class.

70.    Defendants knowingly and intentionally failed in their affirmative obligation provide and pay paid sick leave to Plaintiff and the Sick Leave Underpayment Class in violation of Labor Code section 246.

71.    Labor Code section 246(b)(1) requires that employees accrue sick leave at the commencement of employment at a rate of 1 hour for every thirty hours worked.  Section 246(c) entitles employees to use any accrued sick leave beginning on their 90th day of employment. Labor Code section 246(l) governs how Defendants were required to calculate paid sick leave:

[A]n employer shall calculate paid sick leave using any of the following calculations:

(1) Paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek.

(2) Paid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.

(3) Paid sick time for exempt employees shall be calculated in the same manner as the employer calculates wages for other forms of paid leave time.

72.    Defendants failed to pay Plaintiff and the Sick Leave Underpayment Class paid sick leave at one of the lawful rates set forth in the statute because Defendants failed to include in their sick leave calculation the additional remuneration received by Plaintiff and the Sick Leave Underpayment Class.

- 17 -

Exhibit "1"
NOR, page 49

73.     Furthermore, Defendants knowingly and intentionally failed in their affirmative obligation to pay Covid-19 Supplemental Sick Leave to the Sick Leave Underpayment Class at the correct rate in violation of Labor Code sections 246, 247.5, 248.2, and 248.6.

74.     Under Labor Code section 248.2, non-exempt employees must be paid supplemental paid sick leave according to the <u>highest</u> of the following four methods:

> (I) Calculated in the same manner as the regular rate of pay for the workweek in which the covered employee uses COVID-19 supplemental paid sick leave, whether or not the employee actually works overtime in that workweek.
>
> (II) Calculated by dividing the covered employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.
>
> (III) The state minimum wage.
>
> (IV) The local minimum wage to which the covered employee is entitled.

75.     Labor Code section 248.6 requires employers to pay supplemental sick leave using either method I or II identified above.

76.     On information and belief, Defendants failed to pay Covid-19 Supplemental Sick Leave in the manner described above because Defendants failed to include in their sick leave calculation the additional remuneration received by the Sick Leave Underpayment Class.

77.     As a result, Defendants violated the Labor Code and are liable to Plaintiff and the Sick Leave Underpayment Class for underpaid sick leave earnings, in addition to interest, attorneys' fees, and costs.

## EIGHTH CAUSE OF ACTION

## WAITING TIME PENALTIES

### Violation of Labor Code §§ 201 through 203

78.     Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

79.     Plaintiff brings this cause of action on behalf of the Waiting Time Class.

80.     Defendants willfully failed in their affirmative obligation to pay all wages and premiums earned and unpaid to Plaintiff and members of the Waiting Time Class immediately upon termination of employment or within 72 hours thereafter for employees who did not provide at least 72 hours prior notice of his or her intention to quit, and further failed to pay those sums

- 18 -

1  for 30 days thereafter in violation of Labor Code sections 201 through 203 and the IWC Wage
2  Orders.

3        81.    Defendants' unlawful acts and omissions deprived Plaintiff and the Waiting Time
4  Class of timely wages upon separation of employment in amounts to be determined at trial.
5  Plaintiff and the Waiting Time Class are entitled to recover to their wages as a waiting time
6  penalty for a period of up to 30 days, in addition to interest, attorneys' fees, and costs to the extent
7  permitted by law.

8                              **NINTH CAUSE OF ACTION**

9                       **FAILURE TO REIMBURSE BUSINESS EXPENSES**

10                           **Violation of Labor Code § 2802**

11       82.    Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

12       83.    Plaintiff brings this cause of action on behalf of the Reimbursement Class.

13       84.    Defendants willfully failed in their affirmative obligation to reimburse Plaintiff
14  and the Reimbursement Class for all necessary expenditures, losses, expenses, and costs incurred
15  by them in direct discharge of the duties of their employment, in violation of Labor Code section
16  2802.

17       85.    Defendants' unlawful acts and omissions deprived Plaintiff and the
18  Reimbursement Class of lawful reimbursements for business expenses in amounts to be
19  determined at trial.  Plaintiff and the Reimbursement Class are entitled to recover to amount of
20  the unreimbursed expenses of Plaintiff and the Reimbursement Class in addition to interest,
21  attorneys' fees, and costs to the extent permitted by law, including under Labor Code section
22  2802.

23                              **TENTH CAUSE OF ACTION**

24                       **VIOLATIONS OF THE UNFAIR COMPETITION LAW**

25                      **Business and Professions Code §§ 17200, *et seq.***

26       86.    Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

27       87.    Plaintiff brings this cause of action on behalf of the UCL Class.

28

- 19 -

Class Action Complaint
*Amy McCormack v. Sterling Jewelers Inc. et al.*

88.     Defendants willfully failed in their affirmative obligation to timely pay each payday or at other required intervals all minimum, regular, and overtime wages, sick leave, and meal and rest period premium wages to Plaintiff and the UCL Class.  These failures constitute unlawful, deceptive, and unfair business acts and practices in violation of Business and Professions Code section 17200, et seq.

89.     Because Plaintiff is a victim of Defendants' unfair and unlawful conduct, as alleged throughout this Complaint, Plaintiff, as an individual and on behalf of the UCL Class seeks restitution of all monies and property withheld, acquired, or converted by Defendants in violation of the Labor Code and IWC Wage Orders under Business and Professions Code section 17202, 17203, 17204 and 17208.

90.     Defendants' unlawful acts and omissions deprived Plaintiff and the UCL Class of monies and property in amounts to be determined at trial.  Plaintiff and the UCL Class are entitled to injunctive relief against Defendants, restitution, and other equitable relief to return all funds over which Plaintiff and the UCL Class have an ownership interest and to prevent future damage under Business and Professions Code section 17200, et seq. in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Code of Civil Procedure section 1021.5.

### **PRAYER FOR RELIEF**

Plaintiff pray for judgment as follows:

a.     For certification of this action as a class action;

b.     For appointment of Plaintiff as the representatives of the Class;

c.     For appointment of counsel for Plaintiff as Class Counsel;

d.     For injunctive relief;

e.     For compensatory damages in amount according to proof;

f.     For all recoverable pre- and post-judgment interest;

g.     For recovery of all statutory penalties and liquidated damages;

h.     For disgorgement of all amounts wrongfully obtained;

i.     For reasonable attorneys' fees and costs of suit, including expert fees, to the extent permitted by law on each cause of action, including (without limitation) under

- 20 -

California Labor Code sections 218.5, 226, 1194, 2802, and Code of Civil Procedure section 1021.5;

j.    For such other relief the Court deems just and proper.

Respectfully submitted,

Dated: March 4, 2022                Ferraro Vega Employment Lawyers, Inc.

_____

Lauren N. Vega
Attorneys for Plaintiff

- 21 -

Class Action Complaint
*Amy McCormack v. Sterling Jewelers Inc. et al.*

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7067 |

| PLAINTIFF(S) / PETITIONER(S):   Amy Mccormack |
|---|
| DEFENDANT(S) / RESPONDENT(S): Sterling Jewelers Inc et.al. |
| |
| MCCORMACK VS STERLING JEWELERS INC [E-FILE] |

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2022-00008433-CU-OE-CTL |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Eddie C Sturgeon                                              Department: C-67

## COMPLAINT/PETITION FILED: 03/04/2022

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 02/10/2023 | 10:30 am | C-67 | Eddie C Sturgeon |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
  - **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint.  An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint.  A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed.  If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
  - **Defendant's Response:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
  - **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6).  If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date.  See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC.  The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

Exhibit "1"
NOR, page 54

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2022-00008433-CU-OE-CTL     CASE TITLE: Mccormack vs Sterling Jewelers Inc [E-FILE]

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
> **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
> **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and***
> **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

Exhibit "1"
NOR, page 56

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

Exhibit "1"
NOR, page 57

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): Amy Mccormack |
|---|
| DEFENDANT(S): Sterling Jewelers Inc et.al. |
| SHORT TITLE: MCCORMACK VS STERLING JEWELERS INC [E-FILE] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2022-00008433-CU-OE-CTL |
|---|---|

Judge: Eddie C Sturgeon                                        Department: C-67

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                  ☐ Non-binding private arbitration

☐ Mediation (private)                          ☐ Binding private arbitration

☐ Voluntary settlement conference (private)     ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                  ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

_____          _____
Name of Plaintiff                                 Name of Defendant

_____          _____
Signature                                         Signature

_____          _____
Name of Plaintiff's Attorney                      Name of Defendant's Attorney

_____          _____
Signature                                         Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 03/07/2022

| | JUDGE OF THE SUPERIOR COURT |
|---|---|

Exhibit "1"
NOR, page 58