```
1   VORYS SATER SEYMOUR AND PEASE LLP
    Thomas N. McCormick (Bar No. 325537)
2   tnmccormick@vorys.com
    4675 MacArthur Court, Suite 700
3   Newport Beach, CA 92660
    Telephone: (949) 526-7900
4   Facsimile: (949) 526-7901

5   Attorneys for Defendants
    STERLING JEWELERS INC. and
6   SIGNET JEWELERS LTD.
```

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

| | |
|---|---|
| AMY MCCORMACK, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STERLING JEWELERS INC., a corporation; SIGNET JEWELERS LTD., a corporation; and DOES 1 through 50<br><br>Defendants. | Case No. 37-2022-00008433-CU-OE-CTL<br><br>Judge: Hon. Eddie C. Sturgeon<br>Department: C-67<br><br>**DEFENDANTS STERLING JEWELERS INC.'S AND SIGNET JEWELERS LTD'S ANSWER TO CLASS ACTION COMPLAINT**<br><br>Action Filed:      March 4, 2022 |

Defendants Sterling Jewelers Inc. and Signet Jewelers Ltd.[1] ("Defendants") hereby answers Plaintiff Amy McCormack's ("Plaintiff") Class Action Complaint:

---

[1] Signet Jewelers Ltd. is not a proper party because it did not employ Plaintiff or any putative class member and because it is not a joint employer with Defendant Sterling Jewelers Inc., nor is it a single employer or part of an integrated enterprise with Defendant Sterling Jewelers Inc.

1
DEFENDANTS STERLING JEWELERS INC. AND SIGNET JEWELERS LTD
ANSWER TO CLASS ACTION COMPLAINT

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure § 431.30(d), Defendants deny, generally and specifically, each and every allegation of the Class Action Complaint and further deny, generally and specifically, that Plaintiff is entitled to any remedies, judgments, civil penalties, or any other relief whatsoever by reason of any act or omission on the part of Defendants.

## AFFIRMATIVE AND OTHER DEFENSES

In addition, Defendants allege and assert the affirmative and other defenses set forth herein. By pleading these defenses, Defendants do not assume the burden of proving or disproving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State Cause of Action)**

1. The Class Action Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

2. The Class Action Complaint, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statutes of limitations, including but not limited to, California Labor Code § 203, California Code of Civil Procedure §§ 337, 338(a), 339(1), 340(a), and 340(b), and California Business & Professions Code § 17208.

## THIRD AFFIRMATIVE DEFENSE

**(Laches)**

3. The Class Action Complaint, and each purported cause of action alleged therein, is barred in whole or in part by the doctrine of laches.

///

///

## FOURTH AFFIRMATIVE DEFENSE

### (Exhaustion)

4. Some or all of the claims contained in Plaintiff's Class Action Complaint are barred because Plaintiff failed to exhaust her administrative remedies or prerequisites before filing suit.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Plead Specific Facts)

5. Plaintiff's cause of action claiming unfair business practices in violation of California Business & Professions Code § 17200 is barred because it fails to plead specific facts capable of stating a claim for unfair business practices.

## SIXTH AFFIRMATIVE DEFENSE

### (Abatement)

6. The Class Action Complaint, in whole or in part, should be abated in the Court's discretion, and Plaintiff should be forced to pursue her administrative remedies with the California Division of Labor Standards Enforcement, which has primary jurisdiction over some or all of Plaintiff's claims.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

7. Plaintiff is estopped by her own actions and conduct from asserting any cause of action against Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

8. Plaintiff has engaged in conduct and activity sufficient to constitute a waiver of any right to assert the claims upon which she now seeks relief.

## NINTH AFFIRMATIVE DEFENSE

### (No Damages)

9. Pursuant to the Business & Professions Code § 17200, Plaintiff is not entitled to an award of damages.

## TENTH AFFIRMATIVE DEFENSE

### (Safe Harbor)

10. Plaintiff's claims are barred in whole or in part because of Defendants' compliance with all applicable laws, statutes, and regulations, which constitutes a safe harbor to any claim under California Business & Professions Code Sections 17200, *et seq.*

## ELEVENTH AFFIRMATIVE DEFENSE

### (Consent)

11. Plaintiff is unable to state a cause of action against Defendants because Plaintiff consented to any and all actions allegedly taken by Defendants.

## TWLEFTH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

12. Plaintiff's purported causes of action in the Class Action Complaint fail to state facts sufficient to entitle Plaintiff to an award of attorneys' fees in any amount.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

13. Plaintiff's Class Action Complaint, and each cause of action therein, is barred by the doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Offset)

14. Some or all of the purported causes of action in the Class Action Complaint are subject to setoff, offset, or recoupment.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

15. The Class Action Complaint fails to state a claim for penalties under the California Labor Code in that (a) there was a bona fide, good faith dispute as to Defendants' obligations under any applicable Labor Code provisions; and (b) Defendants did not willfully fail to pay any wages. Any violation of the Labor Code or Order of the Industrial Welfare Commission was an act or omission made in good faith, and Defendants had reasonable grounds for believing that its wage

payment practices complied with existing laws and that any act or omission was not a violation of the Labor Code or any Order of the Industrial Welfare Commission so that Plaintiff, any other allegedly aggrieved employees, or the putative class are not entitled to any damages in excess of any wages for hours worked which might be found to be due.

### SIXTEENTH AFFIRMATIVE DEFENSE
**(Penalties Barred by Principles of Fairness and Equity)**

16. The Class Action Complaint and each purported claim alleged therein cannot be maintained against Defendants because principles of fairness and equity operate to bar the imposition of penalties under California Labor Code §§ 510, 558, and applicable Orders of the Industrial Welfare Commission.

### SEVENTEENTH AFFIRMATIVE DEFENSE
**(Lack of Standing)**

17. The Class Action Complaint and each purported claim alleged therein are barred because Plaintiff lacks standing.

### EIGHTEENTH AFFIRMATIVE DEFENSE
**(No Control)**

18. The Class Action Complaint and each purported claim alleged therein cannot be maintained against Defendants because the alleged losses or harms sustained by Plaintiff, aggrieved employees, if any, or the putative class resulted from causes other than any act or omission of Defendants.

### NINETEENTH AFFIRMATIVE DEFENSE
**(Acts or Omissions by Plaintiff or Aggrieved Employee)**

19. The Class Action Complaint and each purported claim alleged therein cannot be maintained against Defendants because the alleged losses or harms sustained by Plaintiff, allegedly aggrieved employees, or the putative class resulted from the acts or omissions of Plaintiff or others.

///
///
///

## TWENTIETH AFFIRMATIVE DEFENSE

### (Outside Scope of IWC Orders)

20.     Some or all of certain hours claimed by Plaintiffs, each aggrieved employee, if any, and/or the putative class are not "hours worked" within the meaning of any Order(s) of the California Industrial Welfare Commission and/or under applicable California law, such that compensation need not be paid for those hours.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (*De Minimis* Effect)

21.     Some or all of the hours worked by Plaintiff, each aggrieved employee, if any, and/or the putative class and claimed unpaid were *de minimis* and do not qualify as compensable hours worked under the California Labor Code and/or any other applicable law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Wrongful Acts Not Authorized, Ratified, or Condoned by Defendant)

22.     Any unlawful or wrongful acts of any person(s) employed by Defendants was outside the scope of his or her authority and such acts, if any, were not authorized, ratified, or condoned by Defendants, nor did Defendants know or have reason to be aware of such alleged conduct.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

23.     The Class Action Complaint and each purported claim alleged therein are barred, or any recovery should be reduced, pursuant to the avoidable consequences doctrine, because Defendants took reasonable steps to prevent and correct any alleged improper wage payments, and Plaintiff, any allegedly aggrieved employee, and/or the putative class unreasonably failed to use the preventative and corrective opportunities provided to them by Defendants, and reasonable use of Defendants' procedures would have prevented at least some, if not all, of the harm that Plaintiff, any allegedly aggrieved employee, and/or the putative class allegedly suffered.

///

///

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Comply)

24. Any damages suffered were the result of failure by Plaintiff, any allegedly aggrieved employee, and/or the putative class to comply with the reasonable expectations of Defendants and/or to follow Defendants' reasonable instructions and/or policies.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Due Process)

25. Allowing this action to proceed with Plaintiff as a representative of any allegedly aggrieved employee, and/or the putative classes, as applied to the facts and circumstances of this case, would constitute a denial of Defendants' due process rights, both substantive and procedural, in violation of the Constitutions of the United States of America and the State of California.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Release and/or Satisfaction of Claims)

26. Plaintiff's claims and any claim on behalf of any allegedly aggrieved employee and/or the putative class are barred to the extent Plaintiff, any allegedly aggrieved employee, and/or the putative class released the claims and damages sought and/or acknowledged an accord and satisfaction and/or release of any claim asserted in the Class Action Complaint.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Penalties Unjust, Arbitrary, Oppressive, and/or Confiscatory)

27. Plaintiff, any allegedly aggrieved employee, and/or the putative class are not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary, oppressive, and/or confiscatory.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Properly Calculated Regular Rate)

28. The Class Action Complaint and each purported claim alleged therein are barred in whole or in part because Defendants properly calculated the regular rate for all purposes, including paying overtime, for its California employees during relevant period.

///

## TWENTY-NINTH AFFIRMATIVE DEFENSE

(**Multiple Recovery**)

29.  The Class Action Complaint and each purported claim alleged therein are barred in whole or in part to the extent that Plaintiff, any allegedly aggrieved employee, and/or the putative class seek a multiple recovery for the same alleged wrong or wrongs.

## THIRTIETH AFFIRMATIVE DEFENSE

(**Claims Not Manageable**)

30.  The Class Action Complaint is barred to the extent that the presence of numerous individualized issues that render the case unmanageable.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

(**Wage Statement**)

31.  Plaintiff's claim for failure to provide accurate itemized wage statements fails because Plaintiff, any allegedly aggrieved employee, and/or the putative class did not suffer any injury as a result of any such failures, to the extent they occurred.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

(**Wage Statements Reflected Wages Paid**)

32.  Plaintiff's claim for failure to provide accurate itemized wage statements fails because any wage statements received by Plaintiff, any allegedly aggrieved employee, and/or the putative class accurately reflected the wages they were actually paid.

## THIRTY-THIRD AFFIRMATIVE DEFNSE

(**Properly Paid For All Hours Worked**)

33.  The Class Action Complaint and each purported claim alleged therein are barred in whole or in part because Defendants properly compensated Plaintiff, any allegedly aggrieved employee, and the putative class for all hours worked, including any hours over forty in a workweek or eight hours in a workday.

///

///

///

### THIRTY-FOURTH AFFIRMATIVE DEFNSE

### (Payment of Wages)

34. Defendants allege that any and all wages or other compensation were paid to Plaintiff, all allegedly aggrieved employees, and the putative class in a complete, full, fair and timely manner consistent with any and all applicable regulations and statutes.

### THIRTY-FIFTH AFFIRMATIVE DEFNSE

### (Payment of Wages)

35. Defendants provided, authorized and permitted Plaintiff, all allegedly aggrieved employees, and the putative class to take all paid rest breaks and meal breaks required by law and breached no duty owed to Plaintiff, all allegedly aggrieved employees, and the putative class with respect thereto.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Premium Pay Barred)

36. Plaintiff, all allegedly aggrieved employees, and the putative class are not entitled to any premium wages under California Labor Code Sections 226.7, 512, or any other provision of the California Labor Code because the Plaintiff, all allegedly aggrieved employees, and the putative class were always authorized and permitted to take rest and meal breaks as provided by law.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Equitable Relief Unavailable)

37. The Class Action Complaint and each purported claim alleged therein fails to state a claim for injunctive or other equitable relief.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

38. The relief requested by Plaintiff, and on behalf of any allegedly aggrieved employee and/or the putative class, pursuant to California Business and Professions Code §§ 17200, *et seq.*, and at common law, should be denied because Plaintiff, any allegedly aggrieved employee, and the putative class have adequate remedies at law.

///

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

39. In the event that Defendants discovers any after-acquired evidence, Plaintiff's claims against Defendants and/or the relief sought by Plaintiff against Defendant would be barred by the doctrine of after-acquired evidence.

## FORTIETH AFFIRMATIVE DEFENSE

### (Failure to Satisfy Requirements of a Class Action)

40. Plaintiff fails, in whole or in part, to state specific facts sufficient to certify a class action. There is no question of a common or general interest or well-defined community of interest among the purported class membership.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Improper Class Representative)

41. The Class Action Complaint, and each purported cause of action in the Complaint is barred in whole or in part because Plaintiff does not meet the requirements for a class representative.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Failure of Predominant Questions of Law or Fact)

42. Plaintiff has failed to adequately plead the elements necessary for class action treatment, and therefore should be barred from seeking to certify this case as a class action, including without limitation because there are no predominant common questions of law or fact among the purported class representative and the purported class members.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Failure of Class Representative Having Claims Typical of the Class)

43. Plaintiff has failed to adequately plead the elements necessary for class treatment, and should therefore be barred from seeking to certify this case as a class action, including without limitation because the proposed class representative does not have claims typical of the purported class members.

///

### FORTY-FOURTH AFFIRMATIVE DEFENSE

**(Class Action Not A Superior Method of Adjudication)**

44. The Class Action Complaint and each purported cause of action therein is barred in whole or in part because a class action is not the superior method for adjudicating this dispute.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

**(Proposed Class Definition Defective/No Ascertainability)**

45. The proposed class definitions are defective, in that they fail to provide a reasonable means by which to ascertain the persons who fall within the proposed class definition.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

**(No Violation of Underlying Law)**

46. Defendants are not liable for violation of unlawful business practices pursuant to California Business and Professions Code sections 17200, *et seq.*, because they are not liable to Plaintiff, any alleged aggrieved employee, and/or the putative class for any alleged violation of any underlying state or federal laws.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

**(Benefits of Business Practice)**

47. Defendants are not liable for violation of unfair business practices pursuant to California Business and Professions Code sections 17200, *et seq.*, because the benefits of Defendants' practices with respect to Plaintiff, any alleged aggrieved employee, and/or the putative class outweigh whatever particular harm or impact the practices allegedly cause them.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

**(Legitimate Business Reason)**

48. The Class Action Complaint, and each purported claim alleged therein, are barred because the alleged conduct of Defendants was at all times justified, fair, privileged, and undertaken in the good faith exercise of a valid business purpose.

///

///

///

## FORTY-NINTH AFFIRMATIVE DEFENSE

**(Failure to Specify Monetary Damages)**

49. Plaintiff, any allegedly aggrieved employee, and the putative class are precluded from recovering restitution, in whole or in part, from Defendants under the applicable provisions of the law because Plaintiff, any allegedly aggrieved employee, and/or the putative class can specify quantifiable monetary amounts converted from them by Defendant for which restitution is owed.

## FIFTIETH AFFIRMATIVE DEFENSE

**(Properly Reimbursed for All Necessary Business Expenditures)**

50. The Class Action Complaint and each purported claim alleged therein are barred in whole or in part because Defendants properly reimbursed Plaintiff, any allegedly aggrieved employee, and the putative class for all necessary business expenditures.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

**(Failure to State Cause of Action/No Private Right of Action)**

51. Plaintiff's Seventh and Eight Causes of Action fail as a matter of law because there is no private right of action for alleged violations of Labor Code Sections 246, 247.5, 248.2, and/or 248.6.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

**(Failure to State Cause of Action/No Private Right of Action)**

52. Plaintiff's Fifth Cause of Action fails as a matter of law as there is no private right of action in this Court for an alleged violation of Labor Code Section 204 or 204b under Labor Code 210 or otherwise and/or because Plaintiff failed to bring a claim for administrative relief with the Labor Commissioner for this claim.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

**(Improper Party)**

53. Defendant Signet Jewelers Ltd. is not a proper party because it did not employ Plaintiff or any putative class member and because it is not a joint employer with Defendant Sterling Jewelers Inc., nor is it a single employer or part of an integrated enterprise with Defendant Sterling Jewelers Inc.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

### (Claims Barred by Previous Settlements)

54. The claims of Plaintiff and all or some of the putative class members that Plaintiff purports to represent are barred in whole or in part as a result of the Settlement Agreements releasing claims in the following class actions: *Shawntasha Rhoden, et al. v. Zale Delaware, Inc.*, Case No. 20STCV11561 (Superior Court of the State of California, County of Los Angeles) and/or *Carolina Leos v. Zale Delaware, Inc.*, Case No. 21STCV00447 (Superior Court of the State of California, County of Los Angeles).

## RESERVATION OF RIGHTS

Defendants hereby give notice that they intend to rely upon such other and further affirmative and other defenses they identify and/or as may become available during discovery in this action, and Defendants reserve the right to amend this Answer to assert any such defenses.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by her Class Action Complaint;
2. That the Class Action Complaint be dismissed;
3. That judgment be entered in favor of Defendants;
4. For costs of suit and attorneys' fees incurred herein; and
5. For such other and further relief as the Court deems just and proper.

Dated: April 13, 2022            */s/ Thomas N. McCormick*
                                 Thomas N. McCormick (Bar No. 325537)

                                 VORYS, SATER, SEYMOUR & PEASE LLP

                                 Attorneys for Defendants
                                 STERLING JEWELERS INC. AND
                                 SIGNET JEWELERS LTD

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE.

I, Cynthia A. Tompkins, the undersigned, declare that I am employed in Orange County, State of California. I am over the age of 18 and not a party to the within action. My business address 4675 MacArthur Court, Suite 700, Newport Beach, California 92660. On April 13, 2022, I served upon the interested party(ies) in this action the following document described as: **DEFENDANTS STERLING JEWELERS INC.'S AND SIGNET JEWELERS LTD'S ANSWER TO CLASS ACTION COMPLAINT**

By placing a true copy thereof enclosed in sealed envelope(s) addressed as stated below.

Nicholas J. Ferraro, Esq.
Lauren N. Vega, Esq.
Ferraro Vega Employment Lawyers, Inc.
3160 Camino Del Rio South, Suite 308
San Diego, CA 92108

Attorneys for Plaintiff

For processing by the following method:

___ (BY MAIL) I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Newport Beach, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

____ (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows. I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

_XX_ (BY ELECTRONIC MAIL) I caused such document to be delivered via email to the offices of the addressees at the following email addresses: nick@ferrarovega.com; lauren@ferrarovega.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 13, 2022, at Newport Beach, California

Cynthia A. Tompkins
(Type or print name)                                              (Signature)

**CAUTION: External Email**

# eFiling Under Court Clerk Review

| | |
|---|---|
| **Order #** | 18034799 |
| **Submitted** | 4/13/2022 5:33 PM PT by Cynthia Tompkins |
| **Case** | Mccormack vs Sterling Jewelers Inc [E-FILE] #37-2022-00008433-CU-OE-CTL |
| **Court** | Superior Court of California, San Diego County (Central - Civil) |
| **Client billing** | 072533-000116/03734 |
| **Court transaction #** | 21301771 |

**Documents**

- Defendants Sterling Jewelers Inc.'s and Signet Jew...

**What happens next?**
The court has received your filing. You will receive an email immediately upon completion of the court clerk's review. Although court processing times vary, the court filing date for accepted filings will reflect the date this order was submitted.

You can check the status of your order at any time in your One Legal account.

Thank you,
The One Legal Team

How are we doing? Share your feedback.

You are receiving this email in response to an order that was placed on www.onelegal.com
Please do not reply to this email. Get help on our Support Center or by contacting Customer Support.
InfoTrack US, Inc. 1400 North McDowell Blvd., Suite 300, Petaluma, CA 94954

2

Exhibit "2"
NOR, page 73