Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
**FERRARO VEGA EMPLOYMENT LAWYERS, INC.**
3160 Camino del Rio South, Suite 308
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 facsimile
lauren@ferrarovega.com / nick@ferrarovega.com

JUSTIN HEWGILL (259528)
EFAON COBB (282228)
**HEWGILL COBB & LOCKARD, APC**
1620 5th Avenue, Suite 325
San Diego, CA 92101
Phone: (619) 432-2520;
Fax: (619) 377-6026
contact@hcl-lawfirm.com

BEN TRAVIS (305641)
**BEN TRAVIS LAW, APC**
4660 La Jolla Village Drive, Suite 100
San Diego, CA 92122
Phone: (619) 353-7966
ben@bentravislaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY MCCORMACK, an individual; HELENA PHILLIPS, an individual; CELESTE GIRON, an individual; SPENCER MAKI, an individual; JULES SANTOS, an individual; and DIANE WHITE, an individual, on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>STERLING JEWELERS, INC, a Delaware corporation; SIGNET JEWELERS LIMITED, a foreign corporation; and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No.: 3:22-cv-00525-AJB-DDL<br><br>**<u>CLASS ACTION</u>**<br><br>**CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Assigned To: Judge Anthony J. Battaglia<br>Magistrate Judge: David D. Leshner |

Plaintiffs AMY MCCORMACK, HELENA PHILLIPS, CELESTE GIRON, SPENCER MAKI, JULES SANTOS, and DIANE WHITE ("Plaintiffs"), by and through their attorneys, bring this action on behalf of themselves, and all other similarly situated non-exempt employees who are or were employed in California by STERLING JEWELERS, INC. ("Sterling"), SIGNET JEWELERS LIMITED ("Signet"), and DOES 1 through 10, inclusive (collectively, "Defendants") between September 7, 2017[1] through the date of final disposition of this action. Plaintiffs hereby allege, on information and belief, except for information based on personal knowledge, which allegations are likely to have evidentiary support after further investigation and discovery, as follows:

## INTRODUCTION

1.      This California-based class action is brought on behalf of Plaintiffs and the Class[2] because of Defendants' systematic mistreatment of their employees, in violation of California's wage and hour laws.

2.      Defendants operate retail jewelry stores under a number of names in the State of California, including Jared The Galleria of Jewelry and Kay Jewelers and employ numerous employees in Defendants' retail stores under different brand names.

3.      Employees at those retail stores are compensated through the payment of both hourly wages and commissions. However, while employees regularly receive commissions, Defendants did not include those amounts in their regular rate of pay when calculating overtime pay, sick and vacation pay, as well as meal and rest period premiums when such premiums were actually paid.

4.      Further, Defendants regularly failed to provide employees with meal breaks, failed to authorize and permit rest breaks, and failed to provide meal and rest break premiums in lieu of such breaks.

5.      Additionally, employees were required to work off-the-clock and were also not reimbursed for required business expenses.

6.      Finally, Defendants failed to provide accurate wage statements and maintain adequate records and failed to pay all wages owed upon termination of employment.

---

[1] Four years prior to the date of the initial filing on March 4, 2022 of the *McCormack* complaint in San Diego County Superior Court (Case No. 37-2022-00008433-CU-OE-CTL), plus 178 days as tolled by California Emergency Rule 9.
[2] The "Class" and "Sub-Classes" are defined in paragraphs 46-50.

7.    Upon information and belief, the above practices are still ongoing.

8.    In order to redress the harms suffered, Plaintiffs, on behalf of themselves and the Class, bring claims associated with Defendants' violations of the California Labor Code and applicable IWC Wage Order, including: (1) failure to pay vacation pay, sick pay, overtime pay, meal period premiums and rest break premiums at the correct legal rate; (2) failure to pay all minimum, regular rate and overtime wages for off-the-clock work;  (3) failure to provide meal periods in violation of Labor Code §§226.7 and 512; (4) failure to provide rest periods in violation of Labor Code §226.7;  (5) failure to reimburse for required business expenses; (6) failure to provide accurate wage statements in violation of Labor Code §226; (7) failure to timely pay wages when due at termination in violation of Labor Code §§201 and 202; (8) untimely payment of wages in violation of Labor Code §§ 204 and 204b; and (9) violation of the Unfair Competition Law ("UCL") pursuant to Business & Professions Code §17200, et seq.

## JURISDICTION AND VENUE

9.    This Court has personal jurisdiction over Defendants because Defendants have conducted and continue to conduct substantial business in the State of California, employ numerous individuals in California, and have intentionally availed themselves of the laws and markets of California through the operation of their business in California.

10.    This court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. 1332(d), as Plaintiffs (California) and Defendants (Ohio) are diverse, there are over 100 class members, and the amount in controversy exceeds $5 million.

11.    Venue is proper in this Court because Defendants employ numerous individuals in this District, including Plaintiffs Amy McCormack and Helena Phillips, and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

A.  **PLAINTIFFS**

12.    Plaintiff AMY MCCORMACK is an individual over the age of eighteen years, and at all times relevant herein was and is, a resident of the County of San Diego in the State of California.

13.    During the Class Period, Plaintiff McCormack worked as a non-exempt employee at a

Jared The Galleria of Jewelry ("Jared") retail store in San Diego County, California, which is operated by Defendant Sterling, a subsidiary of Defendant Signet. Plaintiff McCormack was employed by Defendants from August 1, 2020 to July 9, 2021.

14.     Plaintiff HELENA PHILLIPS is an individual over the age of eighteen years, and at all times relevant herein was and is, a resident of the County of San Diego in the State of California.

15.     During the Class Period, Plaintiff Phillips worked as a non-exempt employee at a Jared The Galleria of Jewelry ("Jared") retail store in National City, California, which is operated by Defendant Sterling, a subsidiary of Defendant Signet. Plaintiff Phillips was employed by Defendants from in or around 2012-2013 through in or around May 2021.

16.     Plaintiff JULES SANTOS is an individual over the age of eighteen years, and at all times relevant herein was and is, a resident of the County of Orange in the State of California.

17.     During the Class Period, Plaintiff Santos worked as a non-exempt employee at a Jared The Galleria of Jewelry ("Jared") retail store in Cerritos, California, which is operated by Defendant Sterling, a subsidiary of Defendant Signet. Plaintiff Santos has been employed by Defendants since in or around October 2020 and is still currently employed.

18.     Plaintiff DIANE WHITE is an individual over the age of eighteen years, and at all times relevant herein was and is, a resident of the County of Sonoma in the State of California.

19.     During the Class Period, Plaintiff White worked as a non-exempt employee at a Kay Jewelers ("Kay") retail store in Santa Rosa, California, which is operated by Defendant Sterling, a subsidiary of Defendant Signet. Plaintiff White has been employed by Defendants since in or around October 2010 and is still currently employed.

20.     Plaintiff SPENCER MAKI is an individual over the age of eighteen years, and at all times relevant herein was and is, a resident of the County of Orange, in the State of California.

21.     During the Class Period, Plaintiff Maki worked as a non-exempt employee at a Jared The Galleria of Jewelry ("Jared") retail store in Brea, California, which is operated by Defendant Sterling, a subsidiary of Defendant Signet. Plaintiff Maki was employed by Defendants from in or around July 2014 through June 25, 2022.

22.     Plaintiff CELESTE GIRON is an individual over the age of eighteen years, and at all

times relevant herein was and is, a resident of the County of Orange in the State of California.

23.     During the Class Period, Plaintiff Giron worked as a non-exempt employee at Jared The Galleria of Jewelry ("Jared") retail stores in Cerritos, California and Costa Mesa, California, which are operated by Defendant Sterling, a subsidiary of Defendant Signet. Plaintiff was employed by Defendants from in or around November 2014 through on or around September 24, 2022.

**B. DEFENDANTS**

24.     Defendant Sterling is a Delaware Corporation with its headquarters in the State of Ohio.

25.     Defendant Signet is a foreign corporation with its principal place of business in the State of Ohio.

26.     On information and belief, Defendants are doing business in the State of California, including but not limited to the County of San Diego.

27.     On information and belief, Defendants operate retail jewelry stores under a number of names in the State of California, including Jared The Galleria of Jewelry and Kay Jewelers, and employ numerous employees in those retail stores.

28.     Based on information and belief, Defendants had the authority to, directly or indirectly, or through an agent or other person, employ or exercise control over Plaintiffs' and the Class's wages, hours, and working conditions.

29.     Based on information and belief, Defendants had knowledge of the wage-and-hour violations alleged herein and each defendant had the power to prevent the violations from occurring. Having knowledge of the wage-and-hour violations set forth in this Complaint, Defendants could have but failed to prevent the violations from occurring.

30.     Plaintiffs do not know the true names and capacities of Defendants sued herein as DOES 1 through 10, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege the true names and capacities when they are ascertained.

31.     Plaintiffs believe and thereon allege that each "Doe" Defendant is responsible in some manner for the occurrences herein alleged, and Plaintiffs' injuries and damages as herein alleged are directly, proximately and/or legally caused by Defendants and their acts.

32.     Plaintiffs are informed and believe and thereon allege that the aforementioned DOES

are somehow responsible for the acts alleged herein as the agents, employers, representatives or employees of other named Defendants, and in doing the acts herein alleged were acting within the scope of their agency, employment or representative capacity of said named Defendants.

33.     The tortious acts and omissions alleged herein were performed by Defendants' management level employees. Defendants allowed and/or condoned a continuing pattern of unlawful practices in violation of the California Labor Code, and have caused, and will continue to cause, Plaintiffs' economic damage in an amount to be proven at trial.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

34.     Defendants operate retail jewelry stores under a number of names in the State of California, including Jared The Galleria of Jewelry, Kay Jewelers, Zales, and other brand names. On information and belief, despite the multiple business names, the operations of each store owned and operated by Defendants in the State of California are subject to the same employment policies, practices, and procedures. All retail employees are provided with the same employment manuals and, upon information and belief, their wage statements all say Sterling and/or Signet.

35.     Throughout Plaintiffs' employment, they were non-exempt employees and were compensated by the payment of hourly wages and commissions.

36.     When they were paid commissions, Defendants did not provide them with an explanation of how those numbers were reached, but rather their wage statements listed just the type of commission and the total amount they earned. As a result, Plaintiffs could not determine from their wage statements the basis for Defendants' payment of commissions. Further, Defendants never provided Plaintiffs with written commission agreements as required by the Labor Code.

37.     Additionally, despite paying Plaintiffs commissions on a regular basis, Defendants did not include such payments in the calculations of their regular rate of pay and therefore did not pay Plaintiffs the proper rates for overtime, sick pay and vacation pay.

38.     These practices resulted in a failure to accurately state "gross wages earned" and "net wages earned" and the proper hourly rate and the corresponding number of hours at that lawful rate, in violation of Labor Code § 226(a)(1), (5), and (9).  This occurred in those pay periods employees earned overtime or meal/rest period premium or sick pay in the same pay period they earned bonuses,

1  commissions, or similar forms of remuneration.

2       39.    Furthermore, because of Defendants' off-the-clock practices, the total hours worked

3  listed on employee wage statements is incorrect and inaccurate, in violation of Labor Code

4  § 226(a)(2).

5       40.    Defendants also regularly failed to provide Plaintiffs with timely and compliant meal

6  periods and failed to authorize or permit rest periods. Defendants also failed to provide any premium

7  payments in lieu thereof. On the rare occasions that Defendants may have paid a premium, it was not

8  paid at the proper rate of pay because Defendants did not include commissions when calculating their

9  regular rate of pay.

10      41.    In addition, Plaintiffs were regularly required to perform work off-the-clock in various

11  manners, including but not limited to:

12          a.   Plaintiffs working through meal breaks or meal breaks being interrupted while

13               clocked-out for said meal breaks;

14          b.   Not being taken out of the telephonic sales "rotation" during breaks;

15          c.   Plaintiffs being required to work several minutes off the clock before or after shifts to

16               engage with security;

17          d.   Plaintiffs being required attend meetings during off hours and off-the-clock;

18          e.   Plaintiffs taking phone calls and other communications from co-workers and

19               customers to conduct sales or follow-up on sales in off hours and off-the-clock; and

20          f.   Plaintiffs being required to conduct social media campaigns on their private social

21               media accounts in off hours and off-the-clock.

22      42.    Furthermore, Defendants required Plaintiffs to use their personal phones for work

23  purposes. Specifically, they were required to download and utilize apps for work purposes and to

24  communicate with customers through their personal phones. Defendants did not reimburse Plaintiffs

25  for the use of their personal phones.

26      43.    When Plaintiffs McCormack, Phillips, Maki and Giron's employment with Defendants

27  ended. Defendants failed to pay those Plaintiffs all money they were owed, as a result of not paying

28  them for off-the-clock work, not including commissions in the regular rate of pay and not paying meal

1   and rest break premiums as alleged above.

2   44.   Plaintiffs are informed and believe that the above practices they experienced were not

3   unique to them but rather were companywide policies and practices at all retail stores in the State of

4   California and were suffered by all non-exempt employees.

5   45.   Plaintiffs are informed and believe that the unlawful wage and hour policies described

6   in this action are set centrally and are applicable through-out the fleet of stores and jewelry selling

7   operations across California.

8   <u>**CLASS ACTION ALLEGATIONS**</u>

9   46.   Plaintiffs bring this class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules

10   of Civil Procedure, on behalf of the following Class:

11   All Non-Exempt current and former employees of Defendants who were

12   employed in California during the Class Period.

13   47.   "Non-Exempt" means employees that are not exempt from California wage and hour

14   laws pursuant to Labor Code §515(a); 8 Cal. C. Regs. §11010, et seq.

15   48.   "Class Period" means the period from September 7, 2017 through the date of final

16   disposition of this action, excluding any period for which a prior class settlement resolved the claims

17   by Plaintiffs in this Complaint.

18   49.   Excluded from the Class are Defendants, their officers and directors, families and legal

19   representatives, heirs, successors, or assigns and any entity in which Defendants have a controlling

20   interest, and any Judge assigned to this case and their immediate families.

21   50.   The Class is comprised of the following Sub-Classes:

22   <u>**Jared Class**</u>

23   All Non-Exempt current and former employees of Defendants who

24   were employed in California at a Jared store during the Class Period.

25   <u>**Kay Class**</u>

26   All Non-Exempt current and former employees of Defendants who

27   were employed in California at a Kay store during the Class Period.

28

CONSOLIDATED CLASS ACTION COMPLAINT

### Other Brand Class

All Non-Exempt current and former employees of Defendants who were employed in California at one of Defendants' stores, excluding those in the Kay and Jared Classes, during the Class Period.

51. Plaintiffs reserve the right to amend or modify the respective definitions of the Class and/or Sub-Classes to provide greater specificity and/or further division into subclasses or limitation to particular issues.

52. **Numerosity- Fed. R. Civ. P. 23(a)(1):** The members of the Class are so numerous that joinder of all members is impracticable. The exact number or identification of class members is presently unknown, but it is believed that there are several thousand class members in the Class. The identity of the Class Members is ascertainable and can be determined based on records maintained by Defendants.

53. **Predominance of Common Questions- Fed R. Civ. P. 23(a)(2), 23(b)(3):** There are multiple questions of law and fact common to the Class that will predominate over questions affecting only individual class members. The questions of fact that are common to the Class members and predominate over questions that may affect individual Class members, include, whether Defendants:

    a) Failed to pay Plaintiffs and members of the Class all of their earned wages and compensation;

    b) Failed to authorize and permit Plaintiffs and members of the Class to take all rest periods to which they were entitled by the applicable laws;

    c) Failed to provide Plaintiffs and members of the Class the opportunity to take all meal periods to which they were entitled by the applicable laws;

    d) Failed to track Class Members' meal periods;

    e) Failed to pay Plaintiffs and members of the Class one hour of pay at their regular rate of compensation for each earned rest period not permitted and/or each earned meal period not provided;

    f) Failed to timely pay Plaintiffs and members of the Class all their earned wages and compensation;

g) Failed to furnish to Plaintiffs and members of the Class accurate, itemized wage statements compliant with Labor Code §226;

h) Failed to timely pay Plaintiffs and members of the Class all of their earned wages, compensation and benefits immediately upon termination of their employment or within seventy-two hours of them quitting.

i) Failed to reimburse employees for the use of their phones; and/or

j) Failed to include commissions in their calculations of the regular rate of pay.

54.    The questions of law that are common to the Class members and predominate over questions that may affect individual Class members, include:

a) Whether the provisions of the Labor Code and 8 Cal. Code Regs. §11040 include the employer's obligation to pay all earned wages and to pay all such earned wages at the time of the termination of a member of the Class's employment;

b) Defendants' legal obligation to permit members of the Class to take paid rest periods of ten (10) consecutive, uninterrupted minutes for shifts of at least four hours or major fraction thereof and a second rest period for shifts in excess of six hours;

c) Defendants' legal obligation to provide members of the Class the opportunity to take meal periods of thirty (30) consecutive, uninterrupted minutes for shifts in excess of five hours and a second meal period for shifts in excess of ten hours;

d) The Class members' entitlement to one hour of pay at the members' regular rate of compensation for each paid ten (10) consecutive minute, uninterrupted, rest period that Defendants did not permit the Class members to take;

e) The Class members' entitlement to one hour of pay at his/her regular rate of compensation for each thirty (30) consecutive minute, uninterrupted, meal period that Defendants did not provide; and/or

f) The requirements for a wage statement to be compliant with Labor Code §226; and/or

g) What remedies, including restitution, compensatory damages, statutory and civil penalties, additional wages and disgorgement of revenue, are available under California law to members of the Class who were not paid all earned wages,

compensation and benefits; were not timely paid all earned minimum, regular and overtime wages, compensation and benefits; were not paid all wages and premium compensation earned at the time of the termination of their employment relationship with Defendants; were not provided lawful wage statements; were not permitted to take earned ten (10) minute rest periods; were not provided earned thirty (30) minute meal periods;

55. **Typicality- Fed. R. Civ. P. 23(a)(3):** Plaintiffs' claims are typical of the claims of the Class because Plaintiffs and all putative Class members were subject to, and affected by, Defendants' systemic policies and practices alleged herein.

56. **Adequacy—Fed. R. Civ. P. 23(a)(4); 23(g)(1):** Plaintiffs are adequate representatives of the Class because they are members of the Class and their interests do not conflict with the interests of the members of the Class they seek to represent. Plaintiffs are represented by experienced and competent Class Counsel. Class Counsel have litigated numerous class actions. Class counsel intend to prosecute this action vigorously for the benefit of everyone in the Class. Plaintiffs and Class Counsel can fairly and adequately protect the interests of all of the Members of the Class.

57. **Superiority—Fed. R. Civ. P. 23(b)(3):** The class action is superior to other available methods for fairly and efficiently adjudicating this controversy because individual litigation of Class members' claims would be impracticable and individual litigation would be unduly burdensome to the courts. Without the class action vehicle, the Class would have no reasonable remedy and would continue to suffer losses. Further, individual litigation has the potential to result in inconsistent or contradictory judgments. There is no foreseeable difficulty in managing this action as a class action and it provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CAUSE OF ACTION

**Failure to Pay All Wages at Legally Sufficient Rates (Base Rate Calculations)**

**[Cal. Labor Code §§ 245-249, 226.7, 227.3, 510, 512]**

58. Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

**Failure to Pay Overtime Wages at Legally Sufficient Rates (Labor Code § 510):**

59.    Labor Code section 510 requires overtime be paid after 8 hours in a day at the rate of no less than one and one-half times the regular rate of pay for an employee. Wage Order 7 at item 20 provides for the same requirement.

60.    Defendants failed to fully compensate Plaintiffs and other members of the Class for all overtime wages they earned.

61.    Specifically, Defendants failed to include the earned commissions when calculating the regular rate of pay in order to calculate overtime compensation

62.    Plaintiffs are informed and believe, and thereon allege that the failure of Defendants to fully compensate Plaintiffs and other members of the Class for overtime work was willful, purposeful, and unlawful and done in accordance with the policies and practices of Defendants' operations.

63.    As a proximate cause of the aforementioned violations, Plaintiffs and other members of the Class have been damaged in an amount according to proof at time of trial. Plaintiffs and the other members of the Class are entitled to recover the unpaid balance of wages owed, penalties, including penalties available pursuant to California Labor Code §558, plus interest, reasonable attorney fees and costs of suit according to the mandate of California Labor Code §§1194, et seq.

**Failure to Pay Rest and Meal Period Premium Wages at Legally Sufficient Rates (Labor Code §§ 226.7, 512):**

64.    Labor Code § 512(a) states, "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

65.    Section (A) of the "Meal Period" provision of IWC Wage Order 7 states, "No

employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee. An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.  Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered and 'on duty' meal period and counted as time worked.'" Section (D) states "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided."

66.    Labor Code § 226.7 states: "(b) An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

67.    On July 15, 2021, the California Supreme Court held in *Ferra v. Loews Hollywood Hotel, LLC*, (2021) 11 Cal. 5th 858, that the term "regular rate of compensation" under § 226.7(c) is equivalent to the term "regular rate of pay" under Labor code § 510(a). Accordingly, the meal and rest break premiums owed must be paid at the same rate as would be required under Labor Code § 510(a). On the rare occasions that Defendants actually paid meal break premiums, those premiums were only paid at the basic hourly rate and did not account for any commissions paid. Accordingly, Defendants violated Labor Code § 226.7(c).

68.    Because of the unlawful acts of Defendants, Plaintiffs and other members of the Class have been deprived of wages and other compensation, which is an amount resulting directly from the acts complained of. Plaintiffs and the other Class members are entitled to recover one additional hour of pay at his or her regular rate of compensation for each workday that the meal period was not provided, plus interest thereon and costs of suit in an amount to proven at or following trial of this

1  matter. Lab. Code §226.7(c); the applicable IWC Wage Order, ¶11(B), 8 Cal. Code Regs.
2  §11050(11)(B).

3  **Failure to Pay Sick Leave at Legally Sufficient Rates (Cal. Labor Code §§ 245-249):**

4  69.    Pursuant to the California Healthy Workplaces Healthy Families Act, ARTICLE 1.5.
5  'Paid Sick Days' [sections §§ 245-249] requires employers to provide paid sick leave to employees.
6  Labor Code § 246(l)(1)-(2) mandates that sick leave be calculated in the same fashion that overtime
7  base rates are calculated for the pay period sick leave is used, or in a 90-day period in which the
8  sick leave is used. In either case, the rate should be calculated by dividing the sum of all wages by
9  total hours. However, Defendants refuse to include all wages earned (including commissions) in the
10 calculations, and instead pays sick leave at the employee's simple hourly rates. Plaintiffs and other
11 class members are therefore owed compensation for these improperly paid sick time hours.

12 70.    In failing to pay the proper sick leave rate, Defendants also violated the requirement
13 under Labor Code § 246(i) to provide with the employee wage statements the number of hours
14 earned and used at the appropriate and accurate rates.

15 **Failure to Pay Vacation Pay at Legally Sufficient Rates (Cal. Labor Code §§ 227.3):**

16 71.    Labor Code § 227.3 provides that "Unless otherwise provided by a collective-
17 bargaining agreement, whenever a contract of employment or employer policy provides for paid
18 vacations, and an employee is terminated without having taken off his vested vacation time, all
19 vested vacation shall be paid to him as wages at his final rate in accordance with such contract of
20 employment or employer policy respecting eligibility or time served; provided, however, that an
21 employment contract or employer policy shall not provide for forfeiture of vested vacation time
22 upon termination. The Labor Commissioner or a designated representative, in the resolution of any
23 dispute with regard to vested vacation time, shall apply the principles of equity and fairness."

24 72.    Plaintiffs and certain Class members have either resigned from Defendants' employ
25 or had their employment terminated by Defendants. At all relevant times, Defendants have had an
26 established written policy, practice, or agreement to provide paid vacation to their retail store
27 employees employed in the State of California wherein employees receive additional compensation
28 in the form of vacation time, which they can use to take time off from work with compensation.

1    Upon resignation or termination, Defendants paid Plaintiffs and the other Class members vested

2    vacation time at an hourly rate of pay that was lower than their final regular hourly rates of pay,

3    because Defendants failed to include earned commissions when calculating the regular rate of pay,

4    in violation of Labor Code § 227.3.

5        73.    Plaintiffs and other Class members are entitled to payment of their vested, but unused

6    vacation time compensation at the correct rate upon resignation or termination.

7                                **SECOND CAUSE OF ACTION**

8              **Failure to Pay all Regular and Overtime Wages (Off-the-Clock Work)**

9                     **[Cal. Labor Code §§ 200, 204, 510, 1194 & 1198]**

10       74.    Plaintiffs re-allege and incorporate by reference each and every allegation contained

11   in the preceding and subsequent paragraphs as though fully set forth herein.

12       75.    Labor Code section 1194(a) states "Notwithstanding any agreement to work for a lesser

13   wage, any employee receiving less than the legal minimum wage or the legal overtime compensation

14   applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount

15   of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's

16   fees and costs of suit." Liquidated damages in an amount equal to the wages unlawfully unpaid and

17   interest thereon are provided for under Labor Code section 1194.2.

18       76.    Labor Code section 1197 states "The minimum wage for employees fixed by the

19   commission or by any applicable state or local law, is the minimum wage to be paid to employees,

20   and the payment of a lower wage than the minimum so fixed is unlawful."

21       77.    Labor Code section 1197.1 (a) states "Any employer or other person acting either

22   individually or as an officer, agent, or employee of another person, who pays or causes to be paid to

23   any employee a wage less than the minimum fixed by an applicable state or local law, or by an order

24   of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable

25   to the employee, and any applicable penalties imposed pursuant to Labor Code §203..."

26       78.    As provided for in Section 1197.1(a)(1), for any initial violation that is intentionally

27   committed, one hundred dollars ($100) for each underpaid employee for each pay period for which

28   the employee is underpaid. For each subsequent violation for the same specific offense, two hundred

fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.

79.     Labor Code section 1198 states "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

80.     Section (B) of the "Minimum Wages" provision of the applicable IWC Wage Order states "Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission or otherwise."

81.     As set forth above, Defendants required Plaintiffs and other Class members to work off-the-clock. Plaintiffs and Class members regularly worked more than eight hours a day and more than 40 hours a week, however, Defendants did not compensate Plaintiffs and the Class members for the time spent working for Defendants after they clocked out.

82.     As such, Plaintiffs and other Class members are owed wages for those unpaid hours.

83.     Plaintiffs and other Class members are entitled to recover from Defendants all of such unpaid regular pay, with pre-judgment interest, and reasonable attorneys' fees, and costs of suit pursuant to Labor Code § 1194.

**THIRD CAUSE OF ACTION**

**Failure to Provide Meal Breaks or Compensation in Lieu Thereof**

**[Cal. Labor Code §§ 226.7 & 512]**

84.     Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

85.     Pursuant to Labor Code § 512, no employer shall employ any person for a work period in excess of five (5) hours without providing a meal period of at least thirty (30) minutes. *See also* IWC Wage Order No. 7, item 11. During this meal period of no less than thirty (30) minutes, the employer must completely relinquish any and all control over the employee and the employee must not engage in any work-related activity for the employer. *Brinker Restaurant* Corp. v.

*Superior Court* (2012) 53 Cal.4th 1004, 1040. If the employee performs any work for the employer during the thirty (30) minute meal period, the employee has not been provided a meal period in accordance with the law. *Id.* Additionally, California law does not permit an employer to employ an individual for a work period in excess of ten (10) hours without providing a second meal period of at least thirty (30) minutes. Labor Code § 512; IWC Wage Order No. 7, item 11. If the employer fails to provide an employee with a legally compliant meal period, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided. Labor Code § 226.7; IWC Wage Order 7, item 11.

86.     Plaintiffs contend that as a policy, practice, guideline and/or procedure, Defendants failed to provide meal breaks to their employees. Specifically, Defendants required workers to stay on duty, answer work calls, help customers and be prepared to interrupt breaks to execute work orders at all times during the day, without any exception for rest or meal breaks. Furthermore, when meal periods were provided, they were often after the end of the fifth hour of work. As such, Plaintiffs and other Class members were not relieved of duty and not provided legally adequate meal breaks.

87.     Because of the unlawful acts of Defendants, Plaintiffs and the other members of the Class have been deprived of wages and other compensation, which is an amount resulting directly from the acts complained of. Plaintiffs and the other Class members are entitled to recover one additional hour of pay at his or her regular rate of compensation for each workday that the meal period was not provided, plus interest thereon and costs of suit in an amount to proven at or following trial of this matter. Lab. Code §226.7(c); the applicable IWC Wage Order, ¶11(B), 8 Cal. Code Regs. §11050(11)(B).

88.     Plaintiffs and the other members of the Class are also entitled to attorneys' fees and costs pursuant to Labor Code § 218.5.

## **FOURTH CAUSE OF ACTION**

### **Failure to Authorize and Permit Rest Breaks or Compensation in Lieu Thereof**

### **[Cal. Labor Code § 226.7]**

89.     Plaintiffs re-allege and incorporate by reference each and every allegation contained

in the preceding and subsequent paragraphs as though fully set forth herein.

90.    IWC Wage Order 7, item 12 requires employers to authorize and permit off-duty rest periods during which an employee must be relieved of any and all work-related duties. *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257, 269. Additionally, a lawful off-duty rest period is not provided where an employer fails to relinquish control over how employees spend their time. *Id.* Under Labor Code § 226.7, an employer is required to pay an employee one (1) additional hour of pay at the employee's regular rate of pay for each workday in which a lawful rest period was not provided. *See also* IWC Wage Order 7.

91.    As set forth above, Defendants consistently required Plaintiffs and other Class members to work through rest periods. As such, employees were not relieved of all duty on their scheduled breaks. For these reasons, Plaintiffs and other Class members have and are being denied legally sufficient rest breaks.

92.    Because of the unlawful acts of Defendants, Plaintiffs and the Class have been deprived of wages, which is an amount resulting directly from the acts complained of. Plaintiffs and other members of the Class are entitled to recover one additional hour of pay at his or her regular rate of compensation for each workday that the rest period was not permitted, plus interest thereon and costs of suit in an amount to be proven at or following trial of this matter. The applicable IWC Wage Order, ¶12(B), 8 Cal. Code Regs. §11050(12)(B).

93.    Plaintiffs and the other members of the Class are also entitled to attorneys' fees and costs pursuant to Labor Code § 218.5.

## FIFTH CAUSE OF ACTION

### Failure to Reimburse Expenses

### [Cal. Labor Code § 2802]

94.     Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

95.    Labor Code section 2802(a) provides in pertinent part, "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct

consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

96.     Labor Code section 2802(b) states, "[a]ll awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss."

97.     Furthermore, Labor Code section 2802(c) states "[f]or purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

98.     Defendants required Plaintiffs and other Class members to download apps on and use their personal cell phones to communicate with customers. Plaintiffs and other Class members were not reimbursed for this necessary expense which was required for the benefit of their employer.

99.     Defendants did not compensate Plaintiffs and Class members for these costs incurred in the discharge of their duties and they are entitled to recover these expenses.  Plaintiffs and other Class members also seek recovery of interest, attorney's fees and costs to the extent allowed by law.

## SIXTH CAUSE OF ACTION

### Failure to Provide Accurate Wage Statements

### [Cal. Labor Code § 226]

100.     Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

101.     Labor Code § 226(a) states in pertinent part that every employer shall provide an accurate itemized statement in writing with respect to each one of its employees showing: 1) gross wages earned; 2) total hours worked by an employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission; (3) the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the

1   employee is paid; (7) the name of the employee and the last four digits of his or her social security

2   number or an employee identification number other than a social security number; (8) the name and

3   address of the legal entity that is the employer...; and (9) all applicable hourly rates in effect during

4   the pay period and the corresponding number of hours worked at each hourly rate by the employee.

5   102.   Labor Code § 226.3 provides that "Any employer who violates subdivision (a) of

6   Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per

7   employee per violation in an initial citation and one thousand dollars·($1,000) per employee for

8   each violation in a subsequent citation for which the employer fails to provide the employee a wage

9   deduction statement or fails to keep the records required in subdivision (a) of Section 226."

10   103.   In addition, Labor Code § 226(e) imposes a penalty of the greater of all actual

11   damages or $50 for the initial pay period in which a violation occurs and $100 per employee for

12   each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000, and

13   Plaintiff is entitled to an award of costs and reasonable attorney's fees.

14   104.   Section (B) of the "Records" provision of the applicable IWC Wage Order states that

15   "Every employer shall semimonthly or at the time of each payment of wages furnish each

16   employee, either as a detachable part of the check, draft, or voucher paying the employee's wages,

17   or separately, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of

18   the period for which the employee is paid; (3) the name of the employee or the employee's social

19   security number; and ( 4) the name of the employer, provided all deductions made on written orders

20   of the employee may be aggregated and shown as one item."

21   105.   Labor Code § 1174(d) provides that an employer must keep, at a central location in

22   the state or at the plants or establishments at which employees are employed, payroll records

23   showing the hours worked daily by and the wages paid to, employees employed at the respective

24   establishments. These records shall be kept on file for not less than three years. Labor Code §

25   1174.5 provides for a civil penalty of five hundred dollars ($500) for an employer who willfully

26   fails to maintain the records pursuant to Labor Code section l 174(d).

27   106.   Sections (7)(A)( 4) and (5) of the "Records" provision of the applicable IWC Wage

28   Order provides that employers shall keep accurate information with respect to each employee,

including total wages paid each payroll period, total hours worked during the payroll period, and applicable rates of pay, as well as time records showing when each employee begins and ends each work period. The time records must also show meal periods, split shift intervals, and total daily hours worked.

107.    Defendants failed to maintain records as set forth in § 1174 of the Labor Code and the "Records" section of IWC Wage Order 7 including but not limited to, accurately recording applicable rates of pay. Due to Defendants not paying at the proper legal rates, not paying for all hours worked and not paying meal and rest period premiums, Defendants do not record proper hours and wages, and do not provide legally compliant wage statements accurately accounting for hours, wages, deductions, etc.

108.    In addition, on those wage statements that included commission payments, the commissions were only itemized by type of commission earned and the amount. Not included in the wage statements are the total amount sold during the pay period, or the percentage earned per sale. As a result, Plaintiffs and Class members could not determine the basis of their commission payments by looking at the face of their wage statements, as required by Labor Code § 226(a).

109.    Labor Code §§226(e) and (h) provide for the remedy for wage statement violations:

> (e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

> (h) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

110.    By knowingly and intentionally failing to keep accurate time records as required by Labor Code §§226, 1174(d), and the applicable IWC Wage Order, ¶7, 8 Cal. Code Regs. §11050(7),

Defendants have injured Plaintiffs and the other members of the Class and made it difficult to calculate the unpaid wages owed, and losses and expenditures not indemnified by Defendants (including wages, interest and penalties thereon) due Plaintiffs and the Class.

111.   Because of Defendants' unlawful acts, Plaintiffs and the Class are entitled to bring this action to recover damages, ensure compliance and recover costs and reasonable attorneys' fees. Lab. Code §226(e)-(h).

<u>**SEVENTH CAUSE OF ACTION**</u>

**Failure to Pay All Wages Due Upon Termination**

**[Cal. Labor Code §§ 201-203]**

112.   Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

113.   Labor Code § 201 states "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

114.   Labor Code § 202 states "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

115.   Labor Code § 203(a) states, in relevant part; "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days."

116.   Labor Code § 204(a) states in pertinent part "All wages... earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

117.   Due to Defendants not paying correct legal rates as alleged above, Defendants do not pay all wages. In addition, Defendants fail to pay meal and rest break premiums. Defendants failed to pay Plaintiffs all minimum, regular, overtime, and meal and rest period wages due and owing

during and upon termination of employment. Defendants willfully failed to pay all wages when required by §§ 201 and 202 of the Labor Code. Therefore, Defendants owe waiting time penalties to all affected employees including Plaintiffs.

118.   Defendants failed to pay earned wages to Plaintiffs and members of the Class upon their termination and/or within 72 hours of the last day of their employment with Defendants. More than 30 days have passed since Plaintiffs and members of the Class have been terminated and/or quit Defendants' employ.

119.   Because of Defendants' willful conduct in not paying all wages due upon discharge and/or resignation of employment, Plaintiffs and the other members of the Class are entitled to 30-days' wages as a penalty under Labor Code §203, plus interest thereon. Pursuant to Labor Code §218.5, Plaintiffs and the other members of the Class are also entitled to attorneys' fees and costs.

**EIGHTH CAUSE OF ACTION**

**UNTIMELY PAYMENT OF WAGES**

**Labor Code §§ 204, 204b and 210**

120.   Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

121.   Based on the allegations set forth in this Complaint, Defendants willfully failed in their affirmative obligation to timely pay all wages and premiums earned by Plaintiffs and certain Class Members twice during each calendar month on days designated in advance by the employer as regular paydays (for employees paid on a non-weekly basis) and on the regularly-scheduled weekly payday weekly employees, if any, in violation of Labor Code sections 204 and 204b and the IWC Wage Orders (the "Minimum Wages" sections of the applicable orders).

122.   Defendants' unlawful acts and omissions deprived Plaintiffs and certain Class Members of timely wages in amounts to be determined at trial.  Plaintiffs and certain Class Members are entitled to recover to the full amount of the unpaid wages, in addition to a statutory penalty in the amount of $100 for the initial violation for each failure to pay each employee and $200 for all subsequent violations and for all willful or intentional violations for each failure to pay each

CONSOLIDATED CLASS ACTION COMPLAINT

1    employee, plus 25 percent of the amount unlawfully withheld under provided in Labor Code section

2    210, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

3                                      **NINTH CAUSE OF ACTION**

4                            **Violation of the Unfair Competition Law**

5                       **[Business & Professions Code § 17200 *et seq.*]**

6           123.   Plaintiffs re-allege and incorporate by reference each and every allegation contained

7    in the preceding and subsequent paragraphs as though fully set forth herein.

8           124.   Defendants engaged in unlawful activity prohibited by Bus. & Prof. Code §17200*, et*

9    *seq.* The actions of Defendants as alleged within this Complaint constitute unlawful and unfair

10   business practices with the meaning of Bus. & Prof. Code §§17200, *et seq.*

11          125.   Defendants have conducted the following unlawful activities:

12          a)   violations of Labor Code §§ 245-249, 226.7, 227.3, 510, 512, by failing to pay

13   Plaintiffs and the Class vacation pay, sick pay, overtime pay, meal period premiums and rest break

14   premiums at the correct legal rate

15          b)   violations of Labor Code §§ 200, 204, 510, 1194 & 1198 by requiring Plaintiffs and

16   the Class to work off-the-clock and not paying them minimum and overtime wages for those hours

17   worked.

18          c)   violations of Labor Code §§512 and 226.7, and the applicable IWC Wage Order,

19   ¶11, 8 Cal. Code Regs. §11050(11), by failing to provide and/or precluding Plaintiffs and the Class

20   from taking a 30-minute restrictive-free meal period after working more than five hours per day and

21   by failing to provide one hour of pay at Plaintiffs' and the Class's regular rates of compensation for

22   each work day that the meal periods were not provided;

23          d)   violations of Labor Code §226.7 and the applicable Wage Order  ¶12, 8 Cal. Code

24   Regs §11050(12), by failing to provide and/or precluding Plaintiffs and the Class rest periods and

25   by failing to provide one hour of pay at Plaintiffs' and the Class's regular rates of compensation for

26   each work day that the rest periods were not provided;

27          e)   violations of Labor Code §§226, 1174, 1174.5, and the applicable IWC Wage Order,

28   ¶7, 8 Cal. Code Regs. §11050(7)(A)(3), (4), by failing to maintain and provide Plaintiffs and the

1   Class with accurate payroll and time records;

2        f)   violations of Labor Code §204 by failing to timely pay all earned wages to Plaintiffs

3   and the Class;

4        g)   violations of Labor Code §§201, 202, 203, 204 and 210 by failing to pay earned

5   wages to Plaintiffs and the Class upon their termination and/or within 72 hours of the last day of

6   their employment with Defendants or upon regularly scheduled pay days required by California

7   law;

8        h)   And/or any other violations of applicable law and/or unfair and/or fraudulent

9   practices arising from the allegations stated herein.

10       126.   Defendants' activities also constitute unfair practices in violation of Bus. & Prof.

11   Code §§17200, *et seq.*, because Defendants' practices violate the above noted laws, and/or violate

12   an established public policy, and/or the practice is immoral, unethical, oppressive, unscrupulous,

13   and substantially injurious to Plaintiffs and the Class.

14       127.   The identified violations of the Labor Code, Wage Order, Regulations, laws, and

15   public policy constitute business practices because they were done repeatedly over time and in a

16   systematic manner to the detriment of Plaintiffs and the Class

17       128.   Because of Defendants' violations of the Labor Code, Wage Order, Regulations, laws,

18   and public policy, Plaintiffs and the Class have suffered injury-in-fact and have lost money or

19   property because of Defendants' practices. This injury-in-fact and loss of money or property

20   consists of the lost wages and other restitutionary remedies provided by the Labor Code,

21   Regulations, Wage Order, laws and public policy as detailed in this Complaint and other resulting

22   harms. Plaintiffs and the Class are entitled to restitution, an injunction, declaratory, and other

23   equitable relief against such unlawful practices to prevent future damage for which there is no

24   adequate remedy at law.

25       129.   As a direct and proximate result of the unfair business practices of Defendants,

26   Plaintiffs and the Class are entitled to equitable and injunctive relief, including full restitution of all

27   wages which have been unlawfully lost as a result of the business acts and practices described

28   herein and enjoining Defendants to cease and desist from engaging in the practices described herein

for the maximum time permitted pursuant to Bus. & Prof. Code §17208, including any tolling.

130.   The unlawful and unfair conduct alleged herein is continuing. Plaintiffs believe and allege that if Defendants are not enjoined from the conduct set forth in this Complaint, it will continue to violate the noted laws.

131.   Plaintiffs and the Class are also entitled to and hereby claim attorneys' fees and costs, pursuant to the private attorney general theory doctrine (Code of Civil Procedure §1021.5), and any other applicable provision for attorney fees and costs, based upon the violation of the underlying public policies.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs pray for judgment as follows:

1. That the Court certify this action as a Class Action under Rule 23(a) and (b)(3) and appoint Plaintiffs as representatives of the Class and their attorneys as Class Counsel;

2. For nominal, actual, exemplary and compensatory damages, including lost wages, according to proof at trial;

3. For restitution of all monies, wages, expenses, and costs due to Plaintiffs and the Class;

4. For liquidated damages under Labor Code § 1194.2;

5. For reasonable attorneys' fees, costs and expenses pursuant to Labor Code §§ 218.5, 226, 1194, 2802, and Code of Civil Procedure § 1021.5;

6. For pre-judgment and post-judgment interest, to the extent allowable by law;

7. For all applicable statutory penalties recoverable under Labor Code §§203, 210, 226, 558, and as otherwise authorized by statute or law;

8. For an injunction restraining Defendants from continuing to engage in unlawful and unfair business practices in violation of Bus. & Prof. Code §17200, et seq.;

9. For any other appropriate declaratory relief;

10. For all such other and further relief as the Court deems proper and just under all the circumstances.

CONSOLIDATED CLASS ACTION COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury for all claims so triable.

DATED: October 31, 2022

**FERRARO VEGA EMPLOYMENT LAWERS, INC.**

**BEN TRAVIS LAW, APC**

**HEWGILL COBB & LOCKARD, APC**

_____

Justin Hewgill, Esq.
Attorneys for Plaintiffs